**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| G. MARIE NEWBY, Individually, and As Administratrix of THE ESTATE OF TERRY CHILDRESS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action Number 3:22-CV-93 Chief Judge Waverly D. Crenshaw, Jr. |
| CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, DAMON HININGER, STEVE CONRY, RAYMOND BYRD, and SHAWNA CURTIS, | ) ) ) ) ) ) ) | Magistrate Judge Jeffery S. Frensley Jury Demand |
| Defendants. | ) | |

## [PROPOSED] INITIAL CASE MANAGEMENT ORDER

**A.** **JURISDICTION:** The Court has jurisdiction over the Plaintiffs' federal claims

pursuant to 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the Plaintiffs' state

law claims under 28 U.S.C. § 1367(a), as they are of the same case or controversy as Plaintiffs'

federal claims.

**B.** **BRIEF THEORIES OF THE PARTIES**

For Plaintiffs: Terry Childress was a prisoner of the State of Tennessee and was

incarcerated at CoreCivic of Tennessee, LLC's Trousdale Turner Correctional Center. He was a

short time away from release when he was murdered after improperly being housed in the Special

Housing Unit with another inmate, Timothy Willis, who was known to be a high-risk and volatile

individual. Willis was, additionally, a known risk to *any* inmate with whom he was housed because

he was a known informant subject to specific threats. Despite the risk that Willis posed, Willis

was improperly classified as a "minimum" security threat and housed with Mr. Childress. The Special Housing Unit in which Willis and Mr. Childress were housed was also critically understaffed, and this understaffing prevented corrections officers from adequately conducting checks, observing inmates, timely intervening in assaults, and ensuring inmate safety and security.

Plaintiffs allege violations of Mr. Childress's federal constitutional rights under 42 U.S.C. § 1983. The Eighth Amendment imposed a duty on the Defendants to take reasonable measures to guarantee the safety of Mr. Childress. Plaintiffs aver that all Defendants were deliberately indifferent to Mr. Childress's safety and failed to take reasonable measures to abate known risks to Mr. Childress at Trousdale.

Furthermore, Defendants CoreCivic, Damon Hininger, Steve Conry, and Raymond Byrd were aware of specific and particularized risks of serious harm posed to inmates like Mr. Childress at Trousdale as a consequence of, *inter alia*, their deliberate understaffing decisions at Trousdale, CoreCivic's failure to properly train and supervise the staff at Trousdale, CoreCivic's failure to adhere to safety protocols, and CoreCivic's failure to classify and house inmates correctly. With these Defendants knowledge and participation, CoreCivic essentially adopted a policy and practice of severely understaffing its facilities, including Trousdale, without regard to inmate safety and despite the known risks to inmate safety that the deficient practices they implemented created. These Defendants are therefore liable to the Plaintiffs individually, and CoreCivic is liable under a theory of *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).

Additionally, Plaintiffs allege a claim of negligence against CoreCivic, Byrd, and Curtis. Tennessee law establishes that prison officials owe a duty of care to the inmates in their custody. Defendants CoreCivic, Byrd, and Curtis owed a legal duty of care to Mr. Childress to protect him from foreseeable harm and breached their duty of care to Mr. Childress when they failed to use

2

reasonable care to prevent the attack by Mr. Willis, resulting in Mr. Childress's death. As such, Plaintiff Newby, the mother of Mr. Childress, is entitled to an award of loss of filial consortium for Plaintiff Childress's wrongful death.

Finally, Tenn. Code Ann. § 1-3-131 enables Plaintiffs to vindicate claims for declaratory and injunctive relief in cases involving illegal and unconstitutional government actions. Plaintiffs aver that CoreCivic's chronic deliberate indifference to inmate safety at Trousdale contravenes the provisions of the Eighth Amendment and Tenn. Const. art. I, § 32. As such, Plaintiffs seek declaratory and injunctive relief to remedy CoreCivic's chronically illegal and unconstitutional actions at Trousdale.

For Defendants: Terry Childress was a prisoner of the State of Tennessee and was incarcerated at the Trousdale Turner Correctional Center ("Trousdale"). CoreCivic, Inc. operates Trousdale pursuant to a contract with the Tennessee Department of Correction, and CoreCivic of Tennessee, LLC ("CoreCivic") employs certain of the individuals who work at Trousdale. Damon Hininger ("Hininger") is the President and Chief Executive Officer of CoreCivic, and Steve Conry ("Conry") is the Vice President of Operations Administration of CoreCivic. Raymond Byrd ("Byrd") previously served as the Warden at Trousdale while Shawna Curtis ("Curtis") previous served as a Case Manager at Trousdale. Through her lawsuit, Plaintiff contends that Terry Childress was assaulted and ultimately killed by his cellmate during his incarceration at Trousdale.

Defendants deny all allegations of wrongdoing and intend to assert the following affirmative defenses in their Answer, among various others: Plaintiff's claims against Defendants brought pursuant to 42 U.S.C. § 1983 fail to state a claim upon which relief can be granted because Plaintiff cannot hold Defendants liable for the alleged constitutional violations of others on a

312073619.1

*respondeat-superior* theory of liability; Defendants were not deliberately indifferent; to the extent that Plaintiff complains regarding medical treatment, those claims fall under the Tennessee Healthcare Liability Act, and Plaintiff did not properly comply with the requirements of T.C.A. § 29-26-121 and/or T.C.A. § 29-26-122; Plaintiff's negligence claim is barred in whole or in part by the doctrine of comparative fault, including the fault of Tymothy Willis ("Willis"); the actions of Willis constitute the intervening and superseding cause of any and all injuries to Childress; T.C.A. § 1-3-121 is inapplicable to CoreCivic; and certain of Plaintiff's claims for relief are improper, including but not limited to her request for disgorgement and injunctive relief.

**C.** **ISSUES RESOLVED:** The parties agree that jurisdiction and venue are proper in this Court.

**D.** **ISSUES STILL IN DISPUTE:** The parties dispute liability and damages.

**E.** **INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **May 9, 2022**.

**F.** **CASE RESOLUTION PLAN AND JOINT ADR REPORTS:** The parties mediated this case with attorney Jim Kay on January 3, 2022, and have continued to engage in resolution discussions since the mediation. The parties shall submit a joint report to advise the Court that they made an additional effort to resolve the case, including whether the parties request referral of the case for alternative dispute resolution, no later than sixty (60) days in advance of the deadline for filing dispositive motions, so by **April 10, 2023**.

**G.** **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **November 10, 2022**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court. No motions concerning discovery are to be filed until after counsel have spoken in a good faith effort to resolve any dispute(s). Discovery motions are to be

4

filed in accordance with the practices of Magistrate Judge Jeffrey S. Frensley, who will resolve all disputes. All discovery-related motions shall be filed no later than **October 10, 2022**.

  **H.**  **MOTIONS TO AMEND OR TO ADD PARTIES:** Any motions to amend or to add parties shall be filed no later than **August 8, 2022**.

  **I.**  **DISCLOSURE OF EXPERTS:** Plaintiffs shall identify and disclose all expert witnesses and expert reports on or before **December 8, 2022**. Defendants shall identify and disclose all expert witnesses and expert reports on or before **February 8, 2023**. No supplemental expert reports or rebuttal experts shall be allowed, except upon order of the Court for good cause shown.

  **J.**  **DEPOSITIONS OF EXPERT WITNESSES:** All experts shall be deposed by no later than **April 10, 2023**.

  **K.**  **SUBSEQUENT CASE MANAGEMENT CONFERENCE:** A subsequent case management conference shall be held on _____, to address: status of discovery (including any discovery issues or disputes); prospect for settlement (including propriety of alternative dispute resolution); and, any other appropriate matters.

  **L.**  **DISPOSITIVE MOTIONS:** Dispositive motions shall be filed by no later than **June 8, 2023**. Responses to dispositive motions shall be filed within 28 days after the filing of the motion. Briefs or memoranda of law in support of or in opposition to a dispositive motion shall not exceed 25 pages. Optional replies may be filed within 14 days after the filing of the response and shall not exceed 5 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy of time

312073619.1

and expense for the parties, counsel and the Court.  In all other respects, the provisions of Local Rule 56.01 shall govern.

**M.** **ELECTRONIC DISCOVERY:** The parties anticipate reaching an agreement on how to conduct electronic discovery.  Administrative Order No.174 therefore need not apply to this case.  However, in the absence of an agreement, the default standards of Administrative Order No. 174 will apply.

**N.** **ESTIMATED TRIAL TIME AND TARGET TRIAL DATE:** The trial of this action is expected to last approximately five days.  A trial date no earlier than **December 12, 2023**, respectfully is requested.

Entered this ___ day of _____, 2022.

**IT IS SO ORDERED**

_____
JEFFREY S. FRENSLEY
UNITED STATES MAGISTRATE JUDGE

6

SUBMITTED FOR ENTRY:


/s/ Daniel A. Horwitz
Daniel A. Horwitz (#32176)
daniel@horwitz.law
Lindsay E. Smith (#35937)
lindsay@horwitz.law
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, Tennessee 37209
(615) 739-2888

Brice M. Timmons (#29582)
brice@donatilaw.com
Craig A. Edgington (#38205)
craig@donatilaw.com
Donati Law, PLLC
1545 Union Avenue
Memphis, Tennessee 38104
(901) 278-1004
(901) 278-3111

*Counsel for Plaintiff G. Marie Newby*


/s/ Joseph F. Welborn, III
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
222 Second Avenue South, Suite 1700
Nashville, Tennessee 37201
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic of
Tennessee, LLC, Damon Hininger, Steven
Conry, Raymond Byrd, and Shawna Curtis*

7

**CERTIFICATE OF SERVICE**

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this April 4, 2022, on the following:

Daniel A. Horwitz      Brice M. Timmons
Lindsay E. Smith       Craig A. Edgington
Horwitz Law, PLLC      Donati Law, PLLC
4016 Westlawn Drive      1545 Union Avenue
Nashville, Tennessee 37209    Memphis, Tennessee 38104

/s/ Joseph F. Welborn, III

312073619.1