**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **G. MARIE NEWBY, individually and as** | ) | |
| **Administratrix of the ESTATE OF** | ) | |
| **TERRY CHILDRESS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **NO. 3:22-cv-00093** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CORECIVIC OF TENNESSEE, LLC as** | ) | |
| **owner and operator of TROUSDALE** | ) | |
| **TURNER CORRECTIONAL CENTER,** | ) | |
| **DAMON HININGER, STEVE CONRY,** | ) | |
| **RAYMOND BYARD and** | ) | |
| **SHAWNA CURTIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This case is set for a jury trial on **December 12, 2023,** beginning at 9:00 a.m., United States Courthouse, Nashville, TN. Counsel for the parties shall appear for a Pretrial Conference in this Court on **December 4, 2023,** at 3:00 p.m. All lawyers who will participate in the trial must attend the pretrial conference. If a settlement is reached before two business days of trial the cost of summoning the jury may be assessed against the parties.

Pretrial Filing Deadlines

Counsel shall submit a Joint Proposed Pretrial Order to the Court by **November 27, 2023.** The Pretrial Order shall contain: (1) a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings; (2) a statement of the basis for jurisdiction in this Court; (3) a short summary of the Plaintiff's theory (no more than one page); (4) a short summary of the Defendant's theory (no more than one page); (5) a statement of the

1

issues, including a designation of which issues are for the jury and which are for the Court; (6) a succinct statement of the relief sought; (7) a summary of any anticipated evidentiary disputes; and (8) an estimate of the anticipated length of the trial.

The parties shall also submit to the Court, by **November 27, 2023,** the following:

(1)    joint proposed jury instructions and verdict forms as follows: Counsel shall exchange proposed jury instructions on the substantive law of this specific case and proposed verdict forms and confer to reach agreement.  Thereafter, counsel shall jointly prepare and file a set of agreed, proposed, case specific, jury instructions and verdict forms. Each proposed jury instruction shall include citations to supporting authorities.  Counsel shall separately file any disputed jury instructions or verdict forms. Each counsel shall email a Word/Wordperfect version of the jury instructions and proposed verdict forms to chambers at melissa_seay@tnmd.uscourts.gov.

(2)    witness lists, except for witnesses solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3), with a short summary of the expected testimony;

(3)    exhibit lists, except for documents solely for impeachment in accordance with Fed. R. Civ. P. 26(a)(3), with exhibits to be numbered sequentially;

(4)    any stipulations; and

(5)    any expert reports.

<u>Motions in Limine and Objections to Experts</u>

By **November 20, 2023,** the parties shall file any motions in limine and any motions objecting to expert testimony, with each motion presenting only one evidentiary issue; do not file one motion that raises multiple issues.  Any responses to such motions shall be filed by

**November 27, 2023.**

<u>Discovery</u>

Expert witness disclosures shall be made timely, in accordance with Local Rule 39.01(c)(5)c. Supplemental responses to interrogatories, requests for production and requests for admissions shall be made timely in accordance with Local Rule 39.01(e). Objections to the use of a deposition at trial shall be made timely in accordance with Local Rule 39.01(c)(4). The Court may exclude evidence, or order other sanctions, for violation of a duty or deadline to make or supplement expert witness disclosures or discovery responses.

<u>Pretrial Conference</u>

Counsel shall be prepared, at the Pretrial Conference, to:

(1)     identify and discuss undisputed facts and issues;

(2)     discuss the status of discovery;

(3)     preview proposed testimony;

(4)     discuss expert testimony;

(5)     preview proposed exhibits;

(6)     discuss motions in limine;

(7)     discuss proposed jury instructions and verdict forms;

(8)     discuss settlement; and

(9)     discuss pretrial briefs.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

3