UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| G. MARIE NEWBY, Individually, and As Administratrix of THE ESTATE OF TERRY CHILDRESS,<br><br>    Plaintiffs,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, DAMON HININGER, STEVE CONRY, RAYMOND BYRD, and SHAWNA CURTIS,<br><br>    Defendants. | Civil Action Number 3:22-CV-93<br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffery S. Frensley<br>Jury Demand |

# ANSWER

Pursuant to Federal Rules of Civil Procedure 8 and 12, Defendants CoreCivic of Tennessee, LLC ("CoreCivic"), Damon Hininger ("Hininger"), Steve Conry ("Conry"), Raymond Byrd ("Byrd"), and Shawna Curtis ("Curtis") answer the allegations of the Complaint that was filed by Plaintiff G. Marie Newby, individually and as administratrix of the Estate of Terry Childress.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE
(Answer to Complaint, Docket Entry 1)

As to each allegation in the Complaint, Defendants respond as follows:

1. Defendants admit that CoreCivic, Inc. operates the Trousdale Turner Correctional Center ("Trousdale"). Defendants deny the remaining allegations in paragraph 1 of the Complaint and all allegations of wrongdoing.

2. Defendants admit that CoreCivic, Inc. operates Trousdale. Defendants deny the remaining allegations in paragraph 2 of the Complaint and all allegations of wrongdoing.

3. Defendants admit that matters involving CoreCivic, Inc. and CoreCivic of Tennessee, LLC have been litigated before the United States District Court for the Middle District of Tennessee. Defendants deny the remaining allegations in paragraph 3 of the Complaint and all allegations of wrongdoing.

4. Defendants deny the allegations in paragraph 4 of the Complaint and all allegations of wrongdoing.

5. Defendants admit that the Tennessee Comptroller of the Treasury conducted a performance audit of selected activities and programs of the Tennessee Department of Correction ("TDOC") and completed a Performance Audit Report in January 2020. Defendants deny the remaining allegations in paragraph 5 of the Complaint and all allegations of wrongdoing.

6. Defendants admit that the Tennessee Comptroller of the Treasury conducted a performance audit of selected activities and programs of the TDOC and completed a Performance Audit Report in November 2017. Defendants deny the remaining allegations in paragraph 6 of the Complaint and all allegations of wrongdoing.

7. Defendants deny the allegations in paragraph 7 of the Complaint and all allegations of wrongdoing.

8. Defendants admit that the Tennessee Comptroller of the Treasury conducted a performance audit of selected activities and programs of the TDOC and completed a Performance Audit Report in January 2020. Defendants deny the remaining allegations in paragraph 8 of the Complaint and all allegations of wrongdoing.

9. Defendants admit that the Tennessee Comptroller of the Treasury conducted a performance audit of selected activities and programs of the TDOC and completed a Performance Audit Report in January 2020. Defendants deny the remaining allegations in paragraph 9 of the Complaint and all allegations of wrongdoing.

10. Defendants admit that CoreCivic, Inc. operates Trousdale and that on May 24, 2021, the Hartsville / Trousdale County Commission approved entering into a five-year contract with CoreCivic, Inc. to continue operating Trousdale. Defendants deny the remaining allegations in paragraph 10 of the Complaint and all allegations of wrongdoing.

11. Defendants deny the allegations in paragraph 11 of the Complaint and all allegations of wrongdoing.

12. Defendants deny the allegations in paragraph 12 of the Complaint and all allegations of wrongdoing.

13. Defendants admit that Terry Childress ("Childress") was incarcerated at Trousdale and that Childress died on February 24, 2021. Defendants deny the remaining allegations in paragraph 13 of the Complaint and all allegations of wrongdoing.

14. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 14 of the Complaint.

15. Defendants admit that Childress was incarcerated at Trousdale, that Childress shared a cell with Tymothy Willis ("Willis") during a portion of his incarceration at Trousdale, that Willis assaulted Childress, and that Childress died on February 24, 2021. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the Complaint regarding the Estate of Terry Childress or Plaintiff G. Marie Newby ("Plaintiff").

Defendants deny the remaining allegations in paragraph 15 of the Complaint and all allegations of wrongdoing.

16. Defendants admit that CoreCivic is a private limited liability company, that CoreCivic is organized under the laws of the State of Tennessee, that CoreCivic maintains its corporate headquarters in Brentwood, Tennessee, and that CoreCivic can be served through its registered agent for service of process, CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919. Defendants deny the remaining allegations in paragraph 16 of the Complaint and all allegations of wrongdoing.

17. Defendants admit that Hininger is the President and Chief Executive Officer of CoreCivic, Inc. and that the undersigned counsel accepted service on Hininger. Defendants deny the remaining allegations in paragraph 17 of the Complaint and all allegations of wrongdoing.

18. Defendants admit that Conry is the Vice President, Operations Administration of CoreCivic, Inc. and that the undersigned counsel accepted service on Conry. Defendants deny the remaining allegations in paragraph 18 of the Complaint and all allegations of wrongdoing.

19. Defendants admit that Byrd served as the Warden at Trousdale on February 24, 2021, that Byrd oversaw the daily operation of Trousdale during his tenure as Warden, and that the undersigned counsel accepted service on Byrd. Defendants deny the remaining allegations in paragraph 19 of the Complaint and all allegations of wrongdoing.

20. Defendants admit that the undersigned counsel accepted service on Curtis. Defendants deny the remaining allegations in paragraph 20 of the Complaint and all allegations of wrongdoing.

21. Defendants admit that 28 U.S.C. § 1331 renders jurisdiction proper in this Court.

22. Defendants admit that 28 U.S.C. § 1367(a) provides this Court with supplemental jurisdiction over Plaintiff's state law claims.

23. Defendants admit that 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2) render venue proper in this Court.

24. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 24 of the Complaint.

25. Defendants understand that Childress appeared for a parole hearing on February 23, 2021.

26. Defendants admit that Childress was incarcerated at Trousdale, that Childress shared a cell with Willis during a portion of his incarceration at Trousdale, that Willis assaulted Childress inside the cell that they shared, and that Childress died on February 24, 2021. Defendants deny the remaining allegations in paragraph 26 of the Complaint and all allegations of wrongdoing.

27. Defendants lack knowledge or information sufficient to admit or deny the allegations in paragraph 27 of the Complaint. Defendants deny all allegations of wrongdoing.

28. Defendants admit that Childress was 37-years-old on February 24, 2021. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in paragraph 28 of the Complaint. Defendants deny all allegations of wrongdoing.

29. Defendants deny the allegations in paragraph 29 of the Complaint and all allegations of wrongdoing.

30. Defendants cannot comment on any medical evaluation that Willis underwent on February 24, 2021, because such disclosure is prohibited by the Health Insurance Portability and Accountability Act ("HIPAA") and T.C.A. § 10-7-504(a)(1). Defendants lack knowledge or

information sufficient to admit or deny the remaining allegations in paragraph 30 of the Complaint. Defendants deny all allegations of wrongdoing.

31. Defendants deny the allegations in paragraph 31 of the Complaint and all allegations of wrongdoing.

32. Defendants deny the allegations in paragraph 32 of the Complaint and all allegations of wrongdoing.

33. Defendants deny the allegations in paragraph 33 of the Complaint and all allegations of wrongdoing.

34. Defendants deny the allegations in paragraph 34 of the Complaint and all allegations of wrongdoing.

35. Defendants deny the allegations in paragraph 35 of the Complaint and all allegations of wrongdoing.

36. Defendants deny the allegations in paragraph 36 of the Complaint and all allegations of wrongdoing.

37. Defendants deny the allegations in paragraph 37 of the Complaint and all allegations of wrongdoing.

38. Defendants admit that Plaintiff has captured in the Complaint a screenshot from the Electronic Tennessee Offender Management Information System that appears to be dated June 31, 2018. Defendants deny the remaining allegations in paragraph 38 of the Complaint and all allegations of wrongdoing.

39. Defendants deny the allegations in paragraph 39 of the Complaint and all allegations of wrongdoing.

40. Defendants deny the allegations in paragraph 40 of the Complaint and all allegations of wrongdoing.

41. Defendants deny the allegations in paragraph 41 of the Complaint and all allegations of wrongdoing.

42. Defendants deny the allegations in paragraph 42 of the Complaint and all allegations of wrongdoing.

43. Defendants deny the allegations in paragraph 43 of the Complaint and all allegations of wrongdoing.

44. Defendants deny the allegations in paragraph 44 of the Complaint and all allegations of wrongdoing.

45. Defendants deny the allegations in paragraph 45 of the Complaint and all allegations of wrongdoing.

46. Defendants admit that Childress shared a cell with Willis during a portion of his incarceration at Trousdale, that Willis assaulted Childress inside the cell that they shared, and that Childress died on February 24, 2021. Defendants deny the remaining allegations in paragraph 46 of the Complaint and all allegations of wrongdoing.

47. Defendants deny the allegations in paragraph 47 of the Complaint and all allegations of wrongdoing.

48. Defendants deny the allegations in paragraph 48 of the Complaint and all allegations of wrongdoing.

49. Defendants deny the allegations in paragraph 49 of the Complaint and all allegations of wrongdoing.

3122248411

50. Defendants deny the allegations in paragraph 50 of the Complaint and all allegations of wrongdoing.

51. Defendants deny the allegations in paragraph 51 of the Complaint and all allegations of wrongdoing.

52. Defendants deny the allegations in paragraph 52 of the Complaint and all allegations of wrongdoing.

53. Defendants deny the allegations in paragraph 53 of the Complaint and all allegations of wrongdoing.

54. Defendants deny the allegations in paragraph 54 of the Complaint and all allegations of wrongdoing.

55. Defendants deny the allegations in paragraph 55 of the Complaint and all allegations of wrongdoing.

56. Defendants deny the allegations in paragraph 56 of the Complaint and all allegations of wrongdoing.

57. Defendants deny the allegations in paragraph 57 of the Complaint and all allegations of wrongdoing.

58. Defendants deny the allegations in paragraph 58 of the Complaint and all allegations of wrongdoing.

59. Defendants deny the allegations in paragraph 59 of the Complaint and all allegations of wrongdoing.

60. Defendants deny the allegations in paragraph 60 of the Complaint and all allegations of wrongdoing.

61. Defendants admit that administrative remedies were not exhausted. Defendants deny the remaining allegations in paragraph 61 of the Complaint.

62. No response is required to paragraph 62 of the Complaint.

63. The allegations in paragraph 63 of the Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

64. Defendants deny the allegations in paragraph 64 of the Complaint and all allegations of wrongdoing.

65. Defendants deny the allegations in paragraph 65 of the Complaint and all allegations of wrongdoing.

66. Defendants deny the allegations in paragraph 66 of the Complaint and all allegations of wrongdoing.

67. Defendants deny the allegations in paragraph 67 of the Complaint and all allegations of wrongdoing.

68. Defendants deny the allegations in paragraph 68 of the Complaint and all allegations of wrongdoing.

69. Defendants deny the allegations in paragraph 69 of the Complaint and all allegations of wrongdoing.

70. Defendants deny the allegations in paragraph 70 of the Complaint and all allegations of wrongdoing.

71. Defendants deny the allegations in paragraph 71 of the Complaint and all allegations of wrongdoing.

72. Defendants deny the allegations in paragraph 72 of the Complaint and all allegations of wrongdoing.

73. Defendants deny the allegations in paragraph 73 of the Complaint and all allegations of wrongdoing.

74. Defendants deny the allegations in paragraph 74 of the Complaint and all allegations of wrongdoing.

75. Defendants deny the allegations in paragraph 75 of the Complaint and all allegations of wrongdoing.

76. Defendants deny the allegations in paragraph 76 of the Complaint and all allegations of wrongdoing.

77. Defendants deny the allegations in paragraph 77 of the Complaint and all allegations of wrongdoing.

78. Defendants deny the allegations in paragraph 78 of the Complaint and all allegations of wrongdoing.

79. Defendants deny the allegations in paragraph 79 of the Complaint and all allegations of wrongdoing.

80. Defendants deny the allegations in paragraph 80 of the Complaint and all allegations of wrongdoing.

81. No response is required to paragraph 81 of the Complaint.

82. Defendants deny the allegations in paragraph 82 of the Complaint and all allegations of wrongdoing.

83. Defendants deny the allegations in paragraph 83 of the Complaint and all allegations of wrongdoing.

84. Defendants deny the allegations in paragraph 84 of the Complaint and all allegations of wrongdoing.

85. Defendants deny the allegations in paragraph 85 of the Complaint and all allegations of wrongdoing.

86. Defendants deny the allegations in paragraph 86 of the Complaint and all allegations of wrongdoing.

87. Defendants deny the allegations in paragraph 87 of the Complaint and all allegations of wrongdoing.

88. Defendants deny the allegations in paragraph 88 of the Complaint and all allegations of wrongdoing.

89. Defendants deny the allegations in paragraph 89 of the Complaint and all allegations of wrongdoing.

90. No response is required to paragraph 90 of the Complaint.

91. The allegations in paragraph 91 of the Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

92. Defendants deny the allegations in paragraph 92 of the Complaint and all allegations of wrongdoing.

93. Defendants deny the allegations in paragraph 93 of the Complaint and all allegations of wrongdoing.

94. Defendants deny the allegations in paragraph 94 of the Complaint and all allegations of wrongdoing.

95. Defendants deny the allegations in paragraph 95 of the Complaint and all allegations of wrongdoing.

96. No response is required to paragraph 96 of the Complaint.

97. The allegations in paragraph 97 of the Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

98. Defendants deny the allegations in paragraph 98 of the Complaint and all allegations of wrongdoing.

99. Defendants deny the allegations in paragraph 99 of the Complaint and all allegations of wrongdoing.

100. No response is required to paragraph 100 of the Complaint.

101. Defendants deny the allegations in paragraph 101 of the Complaint and all allegations of wrongdoing.

102. Defendants deny the allegations in paragraph 102 of the Complaint and all allegations of wrongdoing.

103. Defendants deny the allegations in paragraph 103 of the Complaint and all allegations of wrongdoing.

104. The allegations in paragraph 104 of the Complaint contain legal conclusions to which no response is required. Defendants deny all allegations of wrongdoing.

105. Defendants deny the allegations in paragraph 105 of the Complaint and all allegations of wrongdoing.

106. Defendants deny the allegations in paragraph 106 of the Complaint and all allegations of wrongdoing.

107. Defendants deny the allegations in paragraph 107 of the Complaint and all allegations of wrongdoing.

108. Defendants deny the allegations in paragraph 108 of the Complaint and all allegations of wrongdoing.

109. Defendants deny the allegations in paragraph 109 of the Complaint and all allegations of wrongdoing.

Defendants deny that Plaintiff is entitled to the relief that she seeks in the Complaint.

All allegations not previously admitted hereby are denied.

### THIRD DEFENSE

To the extent that Plaintiff complains regarding the actions, conduct, or response of medical personnel, those claims fall under the Tennessee Healthcare Liability Act, and Plaintiff did not properly comply with the requirements of T.C.A. § 29-26-121 and/or T.C.A. § 29-26-122.

### FOURTH DEFENSE

Plaintiff's negligence claim is barred in whole or in part by the doctrine of comparative fault, including the fault of Willis.

### FIFTH DEFENSE

Willis' actions constitute the intervening and superseding cause of any and all injuries to Childress.

### SIXTH DEFENSE

Defendants' liability for punitive damages, if any, is limited by the Due Process Clause of the United States Constitution.

Defendants request that the Court dismiss the Complaint with prejudice and tax costs to Plaintiff.

Defendants demand a jury to try this cause.

Respectfully submitted,

/s/ Joseph F. Welborn, III
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
222 Second Avenue South, Suite 1700
Nashville, Tennessee 37201
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic of Tennessee, LLC, Damon Hininger, Steven Conry, Raymond Byrd, and Shawna Curtis*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this April 25, 2022, on the following:

| | |
|---|---|
| Daniel A. Horwitz | Brice M. Timmons |
| Lindsay E. Smith | Craig A. Edgington |
| Horwitz Law, PLLC | Donati Law, PLLC |
| 4016 Westlawn Drive | 1545 Union Avenue |
| Nashville, Tennessee 37209 | Memphis, Tennessee 38104 |

/s/ Joseph F. Welborn, III