# EXHIBIT 1



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOAZ PLEASANT-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:19-cv-00486 |
| | ) Judge Trauger |
| STATE OF TENNESSEE, et al. | ) |
| | ) JURY DEMAND |
| Defendants. | ) |

## NOTICE OF DEPOSITION OF DANIEL KNIGHT

TO: Daniel Knight

c/o Erin Palmer Polly
K&L Gates LLP (Nashville)
222 Second Avenue South, Suite 1700
Nashville, TN 37201

You are hereby notified that on the 17th day of November, 2021, beginning at 1:00 p.m. CST, by way of Zoom, counsel for Plaintiff will proceed to take your deposition upon oral examination for the preservation of testimony pursuant to Rule 30 of the Tennessee Rules of Civil Procedure. The deposition will be recorded by stenographical means and a simultaneous record will be made by a notary public or some other office duly authorized by law to take depositions. The Zoom information will be provided to call counsel of record prior to the deposition.

1

Dated: November 2, 2021                               Respectfully submitted,

*/s/ Tricia Herzfeld*
Tricia Herzfeld (BPR #26014)
Anthony A. Orlandi (BPR #33988)
**Branstetter, Stranch & Jennings, PLLC**
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Ph: 615-254-8801
Fax: 615-255-5419
triciah@bsjfirm.com
aorlandi@bsjfirm.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 2, 2021 a true and correct copy of the foregoing document was served by way of electronic mail upon the following:

Nikki N. Hashemian
Eric Andrew Fuller
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207
(615) 532-2551
Fax: (615) 532-2541
Email: nikki.hashemian@ag.tn.gov
Email: eric.fuller@ag.tn.gov

Erin Palmer Polly
Joseph F. Welborn, III
Terrence M. McKelvey
K&L Gates LLP (Nashville)
222 Second Avenue South
Suite 1700
Nashville, TN 37201
(615) 780-6733
Fax: (615) 780-6799
Email: Erin.Polly@klgates.com
Email: Joe.Welborn@klgates.com
Email: terrence.mckelvey@klgates.com

/s/ Tricia Herzfeld
Tricia Herzfeld

# EXHIBIT 2

EXHIBIT
Daniel Knight 11-17-21
2

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| RICKY OLIVER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:19-cv-00488 |
| v. | ) |
| | ) JUDGE RICHARDSON |
| DANIEL KNIGHT, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Before the Court is a pro se complaint for alleged violation of civil rights (Doc. No. 1), filed by Ricky Oliver, an inmate at the Trousdale Turner Correctional Center in Hartsville, Tennessee. After initially filing an application to proceed in forma pauperis (IFP) supported by evidence of his attempts to procure the necessary documents from his inmate trust account custodian (Doc. No. 2), Plaintiff filed a second IFP application with these documents attached. (Doc. No. 4.)

This matter is now before the Court for a determination of Plaintiff's pauper status and an initial review of the complaint pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee of $350.00 required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 4) will be granted by separate Order.

# INITIAL REVIEW OF THE COMPLAINT

I. PLRA SCREENING STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Similarly, Section 1915A provides that the Court shall conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and shall dismiss the complaint or any portion thereof if the defects listed in Section 1915(e)(2)(B) are identified. Under both statutes, this initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and, again, must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a

2

plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

II. SECTION 1983 STANDARD

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

III. ALLEGATIONS AND CLAIMS

Plaintiff claims that the Defendant, Correctional Officer Daniel Knight, was deliberately indifferent to Plaintiff's safety in violation of his Eighth Amendment rights. (Doc. No. 1 at 6.) He succinctly states the facts in support of this claim, as follows:

> As Oliver was working at his regular job in the prison kitchen on 13 May 2018, a huge gang-affiliated inmate approached him and accused him in a loud voice of stealing some items which the inmate had stashed to steal himself and ordered Oliver "to get out of his chow hall." When Oliver denied the false accusation, the inmate placed his arms around Oliver's neck putting Oliver into a choke-hold, lifted Oliver upwards until his feet no longer touched the floor rendering Oliver's ability to escape harm impossible and causing Oliver to lose consciousness. After Oliver had lost consciousness, the inmate dropped Oliver causing him to strike his head on a metal table. Oliver suffered blunt impact head trauma and was life-flighted to an emergency hospital where he remained hospitalized, in protracted unconsciousness, for over two weeks. He spent several days in intensive care and in the trauma unit.
>
> Throughout this incident, Officer Knight was standing nearby, in very close proximity, heard hostile threats to Oliver's safety, had foreknowledge of the inmate's gang-affiliation, propensity for assaultive behavior, and prior misconduct violations, but, he did not intervene and stop the assaultive behavior of the hostile inmate. Instead of undertaking corrective action, he simply stood by and watched

3

Case 3:22-cv-00093 Document 33-13 Filed 05/04/22 Page 8 of 16 PageID #: 1675
Case 3:19-cv-00488 Document 6 Filed 01/15/20 Page 3 of 5 PageID #: 41

the unprovoked assault take place even when he had more than sufficient time to act to prevent it.

(*Id.* at 8–9.) Plaintiff sues Defendant in his individual capacity, seeking an award of compensatory damages. (*Id.* at 7.)

IV. ANALYSIS

The Supreme Court has held that "the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). An Eighth Amendment violation may occur when prison guards fail to protect one inmate from an attack by another inmate. *See Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990). However, "not all injuries suffered by an inmate at the hands of another prisoner result in constitutional liability for prison officials under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

To establish an Eighth Amendment claim that a prison official failed to protect an inmate, the inmate must show that the official was deliberately indifferent "to a substantial risk of serious harm" to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). To meet this standard, the inmate must show "that the official was subjectively aware of the risk" and "disregard[ed] that risk by failing to take reasonable measures to abate it." *Greene*, 361 F.3d at 294 (quoting *Farmer*, 511 U.S. at 847). "The Sixth Circuit has held that where an officer provides an opportunity for attack and does nothing or stands idly by while an attack takes place without intervening, he violates the attacked prisoner's constitutional rights." *Brazelton v. Coffee Cty.*, No. 4:17-cv-00036, 2018 WL 3999822, at *3 (E.D. Tenn. Aug. 21, 2018) (citing *Carico v. Benton, Ireland, and Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003)). *See also Blake v. Israel Sexton, Sergeant, New York City Police Dep't*, No. 12 CIV. 7245 (ER),

4

Case 3:22-cv-00093 Document 33-13 Filed 05/04/22 Page 9 of 16 PageID #: 1676
Case 3:19-cv-00488 Document 6 Filed 01/13/20 Page 4 of 5 PageID #: 42

2016 WL 1241525, at *5 (S.D.N.Y. Mar. 24, 2016) (allowing deliberate indifference claim to proceed "where defendants are alleged to have failed to intervene to stop an attack they have actually witnessed"); *see generally Davidson v. Cannon*, 474 U.S. 344, 348 (1986) (affirming dismissal of claim that prison officials were negligent in failing to protect inmate from attack by fellow inmate, which is "quite different" from claim that "officials simply stood by and permitted the attack to proceed").

Here, Plaintiff describes the attack as "unprovoked," and does not allege that Defendant did anything to facilitate the encounter between Plaintiff and his assailant. (Doc. No. 1 at 9.) However, Plaintiff alleges that Defendant was in the kitchen, "in close proximity" to the encounter; that he heard the other inmate threaten Plaintiff; that he "observed the inmate place his hands around [Plaintiff]'s neck putting [Plaintiff] into a choke-hold, and lifting [Plaintiff] upwards until his feet no longer touched the floor"; and that he simply "stood by" during the time it took for Plaintiff to be choked into unconsciousness. (*Id.*) Plaintiff specifically alleges that his choking by the other inmate "lasted long enough for [Defendant] to both perceive what was going on and intercede to stop it," but that Defendant nevertheless failed to intercede. (*Id.*) Presuming these allegations true as the Court must at this initial stage, they are sufficient to state a colorable Eighth Amendment claim for failure to protect.

## CONCLUSION

For these reasons, the Court finds that Plaintiff has stated a nonfrivolous claim and will be allowed to proceed against Defendant.

An appropriate Order will enter.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

5

# EXHIBIT 3

EXHIBIT
Daniel Knight 11-17-21
3

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOAZ PLEASANT-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number 3:19-CV-486 |
| ) | District Judge Aleta A. Trauger |
| STATE OF TENNESSEE, ) | Jury Demand |
| TENNESSEE DEPARTMENT ) | |
| OF CORRECTIONS, REVEREND ) | |
| BRIAN DARNELL, TONY ) | |
| PARKER, CORECIVIC, INC., ) | |
| JON SHONEBARGER, TOM SIMIC, ) | |
| and RUSSELL WASHBURN, ) | |
| ) | |
| Defendants. ) | |

## SECOND SUPPLEMENTAL INITIAL DISCLOSURES

Defendants CoreCivic, Inc. ("CoreCivic"), Jon Shonebarger ("Shonebarger"), and Russell Washburn ("Washburn") submit their initial disclosures in compliance with Federal Rule of Civil Procedure 26(a)(1)(A).

    I.    **Federal Rule of Civil Procedure 26(a)(1)(A)(i):** The name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

        A.    Raymond Byrd has knowledge regarding Plaintiff Boaz Pleasant-Bey's ("Pleasant-Bey") incarceration at the Trousdale Turner Correctional Center ("Trousdale"), the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

        B.    Emari Dawson has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit, and may be contacted through the undersigned counsel.

        C.    Martin Frink has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and

311157593.1

Case 3:22-cv-00093   Document 33-13   Filed 05/04/22   Page 12 of 16 PageID #: 1679

the allegations in this lawsuit and may be contacted through the undersigned counsel.

D.     Donnelle Harris has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

E.     Scottie Hudson has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit, and may be contacted through the undersigned counsel.

F.     Daniel Knight has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit, and may be contacted through the undersigned counsel.

G.     Rodney McCloud has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

H.     Jacqueline Norman has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

I.     Yolanda Pittman has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

J.     Shonebarger has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

K.     Tom Simic has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

L.     Vincent Vantell has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

M.  Russell Washburn has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

N.  Brandon Watwood has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

O.  Agents and employees of CoreCivic identified in documents regarding Pleasant-Bey may have knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

P.  Defendants may rely on individuals who have been deposed in this matter who have not specifically been identified, including Chris Brun, Vincent Finamore, Robert Hill, Tony Parker, Jon Walton, and Kelly Young.

Q.  Defendants may rely upon individuals identified in documents produced or subpoenaed in this litigation along with individuals identified by Pleasant-Bey, on the one hand, and the State of Tennessee, the Tennessee Department of Correction ("TDOC"), Reverend Brian Darnell, and Tony Parker (the "State Defendants"), on the other hand, in this lawsuit.

II. **Rule 26(a)(1)(A)(ii):** A copy of -- or a description by category and location -- of all documents, electronically-stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

A.  CoreCivic Corporate and Facility Policies

B.  Trousdale Inmate Handbook

C.  Agreements Between CoreCivic and Trinity Services I, LLC

D.  American Correctional Association ("ACA") Accreditation Report

E.  Prison Rape Elimination Act ("PREA") Compliance Report

F.  TDOC Ramadan Memos

G.  Volunteer Recruitment Communications

H.  Pleasant-Bey Grievances

I.  Pleasant-Bey Religious Accommodation Requests and Responses

3

311157593.1

  J.  Pleasant-Bey Institutional File

  K.  Pleasant-Bey Medical Records

  L.  Communications and Memos on Pleasant-Bey's Religious Requests and on Facility Religious Accommodations, Meals, Requests, and Services

  M.  Trousdale Daily Shift Rosters

  N.  Trousdale Staffing Patterns

  O.  Documents that Demonstrate CoreCivic's Efforts to Hire Additional Staff and to Retain Staff and Documents Showing Staffing Levels

  P.  To the Extent Needed, Documents Regarding Allegations of Violent Incidents that Pleasant-Bey May Raise

  Q.  TDOC Use of Force Reports and Other Documents that Show Comparisons of Incidents at Facilities Across the State

  R.  Audit Documents of the Facility, Including from the TDOC and the ACA and Regarding PREA Incidents

  S.  TDOC Contract Monitor Reports and CoreCivic's Responses

  T.  Comptroller Meeting Minutes, Including from November 26, 2018

  U.  Documents Produced by CoreCivic, Shonebarger, and/or Washburn

  V.  Documents Produced by Pleasant-Bey and/or the State Defendants

**III.** **Rule 26(a)(1)(A)(iii):** A computation of any category of damages claimed by the disclosing party -- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

  A.  This is not applicable to CoreCivic.

**IV.** **Rule 26(a)(1)(A)(iv):** For inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

  A.  Based upon the relief sought, CoreCivic does not believe that this is applicable to CoreCivic.

Respectfully submitted,

*/s/ Erin Palmer Polly*

Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
222 Second Avenue, South
Suite 1700
Nashville, Tennessee 37201
(615) 780-6733

*Counsel for Defendants CoreCivic, Inc., Jon Shonebarger, and Russell Washburn*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served via U. S. Mail, first-class postage prepaid, this November 9, 2021, on the following:

Tricia Herzfeld
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203

Eric Fuller
Nikki N. Hashemian
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202

*/s/ Erin Palmer Polly*

5

311157593.1

Case 3:22-cv-00093   Document 33-13   Filed 05/04/22   Page 16 of 16 PageID #: 1683