UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOAZ PLEASANT-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number 3:19-CV-486 |
| ) | District Judge Aleta A. Trauger |
| STATE OF TENNESSEE, ) | Jury Demand |
| TENNESSEE DEPARTMENT ) | |
| OF CORRECTION, REVEREND ) | |
| BRIAN DARNELL, TONY ) | |
| PARKER, CORECIVIC, INC., ) | |
| JON SHONEBARGER, TOM SIMIC, ) | |
| and RUSSELL WASHBURN, ) | |
| ) | |
| Defendants. ) | |

## INITIAL DISCLOSURES

Defendants CoreCivic, Inc. ("CoreCivic") and Jon Shonebarger ("Shonebarger") submit their initial disclosures in compliance with Federal Rule of Civil Procedure 26(a)(1)(A).

**I.  Federal Rule of Civil Procedure 26(a)(1)(A)(i):** The name and, if known, the address and telephone number of each individual likely to have discoverable information -- along with the subjects of that information -- that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

A. Raymond Byrd has knowledge regarding Plaintiff Boaz Pleasant-Bey's ("Pleasant-Bey") incarceration at the Trousdale Turner Correctional Center ("Trousdale"), the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

B. Yolanda Pittman has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

C. Shonebarger has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

D. Tom Simic has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

E. Russell Washburn has knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

F. Agents and employees of CoreCivic identified in documents regarding Pleasant-Bey may have knowledge regarding Pleasant-Bey's incarceration at Trousdale, the customs, policies, education, and training at Trousdale, and the allegations in this lawsuit and may be contacted through the undersigned counsel.

G. Defendants may rely upon individuals identified in documents produced or subpoenaed in this litigation along with individuals identified by Pleasant-Bey, on the one hand, and the State of Tennessee, the Tennessee Department of Correction, Reverend Brian Darnell, and Tony Parker (the "State Defendants"), on the other hand, in this lawsuit.

II. **Rule 26(a)(1)(A)(ii):** A copy of -- or a description by category and location -- of all documents, electronically-stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

   A. CoreCivic Corporate and Facility Policies

   B. Trousdale Inmate Handbook

   C. Agreements Between CoreCivic and Trinity Services I, LLC

   D. Pleasant-Bey's Grievances

   E. Pleasant-Bey's Institutional File

   F. Documents in the Possession of Pleasant-Bey and the State Defendants

III. **Rule 26(a)(1)(A)(iii):** A computation of any category of damages claimed by the disclosing party -- who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary materials, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

   A. This is not applicable to CoreCivic.

IV. **Rule 26(a)(1)(A)(iv):** For inspection and copying as under Rule 34 any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

    A. Based upon the damages sought, CoreCivic does not believe that this is applicable to CoreCivic.

Respectfully submitted,

*/s/ Erin Palmer Polly*

Joseph F. Welborn, III (#15076)
joe.welborn@butlersnow.com
Erin Palmer Polly (#22221)
erin.polly@butlersnow.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@butlersnow.com
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South, Suite 1600
Nashville, Tennessee 37201
(615) 651-6700
(615) 651-6701

*Counsel for Defendants CoreCivic, Inc. and Jon Shonebarger*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served via U. S. Mail, first-class postage prepaid, this July 20, 2020, on the following:

Tricia Herzfeld
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203

Thomas J. Aumann
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202

*/s/ Erin Palmer Polly*

53834832.v1