UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **BOAZ PLEASANT-BEY,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 3:19-CV-486 |
| | ) | District Judge Aleta A. Trauger |
| **STATE OF TENNESSEE,** | ) | Jury Demand |
| **TENNESSEE DEPARTMENT** | ) | |
| **OF CORRECTIONS, REVEREND** | ) | |
| **BRIAN DARNELL, TONY** | ) | |
| **PARKER, CORECIVIC, INC.,** | ) | |
| **JON SHONEBARGER, TOM SIMIC,** | ) | |
| **and RUSSELL WASHBURN,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CORECIVIC, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant CoreCivic, Inc. ("CoreCivic") responds to the First Set of Interrogatories propounded by Plaintiff Boaz Pleasant-Bey ("Plaintiff").

1. Describe in detail the circumstances in which an organization is permitted to donate items to Trousdale or to specific groups of inmates incarcerated at Trousdale. If no such donations are accepted, please state so.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. This Interrogatory is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at the Trousdale Turner Correctional Center ("Trousdale") and is not limited in any matter to donations made by

religious groups and/or donations made for religious purposes. Indeed, whether it is permissible to donate software programming guidelines or gently used walkers to Trousdale does not have any bearing on the claims in this lawsuit. Subject to and without waiving these objections, donations of prepared, perishable food items generally are not accepted at Trousdale. Donations of unprepared, non-perishable food items occasionally are accepted. When donations of unprepared, non-perishable food items are accepted, it is not based upon the religious affiliation of the individuals or groups donating the food items or upon the religious affiliation of the individuals or groups receiving the food items. Along with this, Trousdale may accept the donation of religious items. There, however, are some religious items that generally are prohibited from donation to or entry into Trousdale. One possible reason that the donation of a religious item would be prohibited is because the religious item would create a threat to safety or security at Trousdale. By way of example, an athame is a ceremonial blade that some Wiccans use, and an athame would be prohibited at Trousdale. Pursuant to Federal Rule of Civil Procedure 33(d), CoreCivic refers Pleasant-Bey to the documents produced in this litigation and specifically to CoreCivic Policy 20-4, Chaplaincy and Religious Services, Tennessee Department of Correction ("TDOC") Policy 118.01, Religious Programs, and TDOC Policy 507.02, Inmate Mail.

2. Identify all organizations from which donations to Trousdale or to specific groups of inmates incarcerated at Trousdale have been permitted, the date of each donation, and the nature of each donation from 2015 to the present.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Interrogatory is not limited to the timeframe that is relevant to the claims in this lawsuit or to the

2

dates of Pleasant-Bey's incarceration at Trousdale and is not limited in any matter to donations made by religious groups and/or donations made for religious purposes. Along with this, it would take an unreasonable amount of effort and time to even attempt to determine all donations that were provided to the inmates at Trousdale for an extended period of time. This effort and time would be expended for no reasonable purpose because the fact that a community organization or a senior citizen center donated items to Trousdale does not have any bearing on the claims in this lawsuit. Subject to and without waiving these objections, *see* Interrogatory Answer 1. Along with this, Islamic-affiliated individuals or groups are permitted to donate appropriate and permissible items to Trousdale. Indeed, the chaplains at Trousdale actively work to secure religious items from various religious groups or organizations, including those that are Islamic-affiliated.

3. Identify all offers to donate to Trousdale or to specific groups of inmates incarcerated at Trousdale that have been rejected from 2015 to the present and describe the justification for refusing each donation.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Interrogatory is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale and is not limited in any matter to donations made by religious groups and/or donations made for religious purposes. Along with this, it would take an unreasonable amount of effort and time to even attempt to determine any donations that were rejected at Trousdale for an extended period of time. This effort and time would be expended for no reasonable purpose because the fact that a donation of a picnic table or a used lawnmower was rejected does not have any bearing on the claims in this lawsuit. Subject to and without

3

waiving these objections, *see* Interrogatory Answers 1 and 2. Along with this, Islamic-affiliated individuals or groups are permitted to donate appropriate and permissible items to Trousdale. Indeed, the chaplains at Trousdale actively work to secure religious items from various religious groups or organizations, including those that are Islamic-affiliated. Chaplain Jon Shonebarger serves as a Chaplain at Trousdale, and he does not recall the rejection of any religious donations.

4. Identify all religious inmate programming that has existed at Trousdale from 2015 to the present and describe the nature of each program.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Interrogatory is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, the religious programming at Trousdale is extensive and is subject to change. It would take an unreasonable amount of time for CoreCivic to identify all of the religious programming at Trousdale and to describe the nature of the programming. Subject to and without waiving these objections, some of the religious programs that CoreCivic has offered at Trousdale include Anger Resolution, Basic Life, Celebrate Recovery, Choir Practice, Christians Against Sexual Abuse, Greek/Hebrew, Men of Valor, Men of Valor Discipleship Group, and Spanish Worship. Likewise, some of the religious groups for which services have been provided include Catholics, Christians, Jehovah's Witnesses, Nation of Islam, Native Americans, Rastafarians, Seventh Day Adventists, Sunni Muslims, and Wiccans. If there are any religious programs or religious services about which Pleasant-Bey believes that more information is warranted, CoreCivic will consider providing this additional information.

5. Identify all religious inmate programming proposals or requests that have been rejected from 2015 to the present and describe the justification for each rejection.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague and ambiguous as to scope, particularly the phrase "religious inmate programming proposal." CoreCivic also objects to this Interrogatory on grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Interrogatory is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, the fact that an inmate's request for a particular religious program was granted or denied does not have any bearing on the claims in this lawsuit. Subject to and without waiving these objections, religious group accommodation requests have been denied at Trousdale. Pursuant to Federal Rule of Civil Procedure 33(d), CoreCivic refers Pleasant-Bey to the documents produced in this litigation and specifically the religious group accommodation requests of various inmates who have been incarcerated at Trousdale.

6. Describe in detail the process by which religious inmate programming requests are reviewed and circumstances under which religious inmate programming may be rejected from 2015 to the present.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague and ambiguous as to scope, particularly the phrase "religious inmate programming requests." CoreCivic also objects to this Interrogatory on grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Trousdale was not operational until 2016. Subject to and without waiving these objections,

pursuant to Federal Rule of Civil Procedure 33(d), CoreCivic refers Pleasant-Bey to the documents produced in this litigation and specifically to TDOC Policy 118.01, Religious Programs.

7. Describe all accommodations for Muslim inmates during Ramadan, Id Ul Fitr, and Id Ul Adha feasts from 2015 to the present.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Subject to and without waiving these objections, CoreCivic contracts with Trinity Services Group to provide food services to the inmates who are incarcerated at Trousdale. The food services personnel and the religious personnel at Trousdale work to ensure that Muslim inmates receive meals that do not conflict with their religious requirements, taking into account Ramadan, the Id Ul Fitr feast, and the Id Ul Adha feast, and to ensure that the meals appropriately are timed. On a quarterly basis, CoreCivic provides meals to all of the inmates who are incarcerated at Trousdale that enable the inmates to celebrate their respective religious feasts, and these meals typically contain such items as an extra entrée, an extra protein, and/or extra bread.

8. Describe in detail how a prisoner is able to purchase Halal prayer oil from an Islamic vendor. If yes, explain how. If they cannot purchase Halal prayer oil, explain why not.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague and ambiguous as to scope, specifically the phrase "Islamic vendor." Subject to and without waiving these objections, inmates are permitted to purchase prayer oil from Union Supply.

9. Describe how a prisoner is able to buy Khufain prayer socks. If yes, explain how they can purchase them. If they cannot purchase Khufain prayer socks, please explain why not.

6

**ANSWER:** Inmates cannot purchase Khufain because the TDOC has determined that they are not an essential tenet of the practice of Islam. Pursuant to Federal Rule of Civil Procedure 33(d), CoreCivic refers Pleasant-Bey to the documents produced in this litigation.

10. Describe in detail any investigation and/or finding of differential treatment based on religion at Trousdale from 2015 to the present.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Interrogatory is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, the mere fact that an investigation was conducted because an inmate made a claim regarding differential treatment based on religion does not have any bearing on the claims in this lawsuit. It also would take an inordinate amount of effort and time to attempt to locate any claim of differential treatment based on religion because those claims could be made in any number of ways, including in an inmate grievance, requiring that CoreCivic review every grievance that has been filed at Trousdale since 2016. Subject to and without waiving these objections, pursuant to Federal Rule of Civil Procedure 33(d), CoreCivic refers Pleasant-Bey to the documents produced in this litigation.

11. Identify all religious texts that are currently available or permitted at Trousdale, where each text is located, and how a prisoner can access or purchase them.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Many inmates have their own religious texts, and CoreCivic cannot possibly identify where all of those religious texts are located. Along with this, the claims

in this lawsuit only are related to the Qur'an. Subject to and without waiving these objections, the Qur'an is available and permitted at Trousdale. The Qur'an is available for free access in the chapel and available for purchase from the commissary. Along with this, donations of the Qur'an would be permitted at Trousdale.

12. Provide a listing of all litigation concerning an investigation or allegation of differential treatment in religious accommodations or requests at Trousdale from 2015 to the present.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is overbroad and seeks information that is not relevant and is not proportional to the needs of the case. Subject to and without waiving these objections, CoreCivic is aware of the following lawsuit, wherein the inmate complained that he was denied a religious diet on occasion: *Jonathan Ray v. Virgil McVay, et al.*, United States District Court for the Middle District of Tennessee, Civil Action Number 3:17-CV-608.

13. Describe any informal and formal grievance processes at Trousdale, including but not limited to, the individuals responsible for hearing and/or addressing grievances, any grievance forms provided by Trousdale, the process by which an inmate is notified of the decision, and the manner in which an inmate is notified of the decision.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), CoreCivic refers Pleasant-Bey to the documents produced in this litigation and specifically to TDOC Policy 501.01, Inmate Grievance Procedures.

14. Identify all members of the Grievance Committee and Grievance Chairpersons at Trousdale from 2015 to the present, providing, for each Grievance Committee Member or Grievance Chairperson listed, the individual's job title, the period of time during which the

8

individual served on the Committee or as Chairperson, and the individual's period of employment at Trousdale.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Subject to and without waiving these objections, the following individuals have been grievance coordinators at Trousdale: Lybrunca Cockrell, Jessica Garner, Elizabeth Lopez, Janell Holley, and Bridgette Pierce.

15. Identify any investigation or finding of understaffing at Trousdale from 2015 to the present, including, but not limited to, staffing posts left unfilled, failure to comply with staffing pattern guidelines, staff working extended hours, any reports of noncompliance from a government entity, and any resulting oversight, monitoring or auditing by a government agency.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Interrogatory is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, the mere fact that an investigation was conducted because an inmate made a claim regarding staffing does not have any bearing on the claims in this lawsuit. It also would take an inordinate amount of effort and time to attempt to locate any claim regarding staffing because those claims could be made in any number of ways, including in an inmate grievance, requiring that CoreCivic review every grievance that has been filed at Trousdale since 2016. CoreCivic is willing to work with Pleasant-Bey to determine how CoreCivic can provide a substantive response to this Interrogatory, but the Interrogatory will need to be significantly limited.

# VERIFICATION

I have read the foregoing Interrogatories, and the Answers thereto are true and accurate to the best of my knowledge and information.

*Jon Shonebarger* (signature)
Jon Shonebarger

STATE OF TENNESSEE )
                                   )
COUNTY OF Trousdale )

Before me, the undersigned, a Notary Public in and for said county and state, personally appeared Jon Shonebarger, with whom I am personally acquainted or proven to me on the basis of satisfactory evidence, who acknowledged that he has executed the foregoing instrument of his own free will, and that he did so for the purposes and considerations therein expressed.

Sworn to and subscribed before me on this 8 day of February, 2021.

*Michelle Oswald* (signature)
Notary Public                                                                          [SEAL]

My commission expires:

June 4, 2023

[Notary Seal: MICHELLE OSWALD, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF TROUSDALE, My Comm. Expires June 4, 2023]

Respectfully submitted,

*Erin Palmer Polly*

_____
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com.com
K&L Gates LLP
222 Second Avenue, South
Suite 1700
Nashville, Tennessee 37201
(615) 780-6733
(615) 780-6799

*Counsel for Defendants CoreCivic, Inc., Jon Shonebarger, and Russell Washburn*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served via U. S. Mail, first-class postage prepaid, this February 8, 2021, on the following:

| | |
|---|---|
| Tricia Herzfeld | Thomas J. Aumann |
| Janna Maples | Nikki Hashemian |
| Branstetter, Stranch & Jennings, PLLC | Assistant Attorney General |
| 223 Rosa L. Parks Avenue, Suite 200 | P.O. Box 20207 |
| Nashville, Tennessee 37203 | Nashville, Tennessee 37202 |

Terrence M. McKelvey
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South, Suite 1600
Nashville, Tennessee 37201

*Erin Palmer Polly*

_____

55111217.v1