UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BOAZ PLEASANT-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number 3:19-CV-486 |
| ) | District Judge Aleta A. Trauger |
| STATE OF TENNESSEE, ) | Jury Demand |
| TENNESSEE DEPARTMENT ) | |
| OF CORRECTIONS, REVEREND ) | |
| BRIAN DARNELL, TONY ) | |
| PARKER, CORECIVIC, INC., ) | |
| JON SHONEBARGER, TOM SIMIC, ) | |
| and RUSSELL WASHBURN, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT CORECIVIC, INC.'S RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant CoreCivic, Inc. ("CoreCivic") responds to the Second Set of Requests for Production propounded by Plaintiff Boaz Pleasant-Bey ("Pleasant-Bey").

13. Copy of any contract between Trousdale County and CoreCivic for Trousdale Turner Correctional Facility.

**RESPONSE:** CoreCivic will produce documents that are responsive to this Request for Production.

14. Documents about staffing shortages, misrepresentation of staffing levels, inaccuracy in staffing reporting sent or received by a Warden at Trousdale.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because CoreCivic does not understand what Pleasant-Bey intends by

309365527 v1

the phrase "misrepresentation of staffing levels" or the phrase "inaccuracy in staffing reporting." CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at the Trousdale Turner Correctional Center ("Trousdale"). Along with this, this Request for Production would require CoreCivic to locate and review every communication, document, or email received by any warden or assistant warden at Trousdale since the facility opened in 2016 to determine if there is any mention of staffing issues, levels, or shortages. This immensely time consuming and expensive task would not be taken for any reasonable purpose. Indeed, the fact that a unit manager may have emailed an assistant warden to report that a correctional officer did not present for his shift, that there was a staffing shortage as a result, and that another correctional officer would have to report to the facility to cover the staffing shortage does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Similarly, the fact that a warden may have requested that a sergeant cover a post so as not to create a staffing shortage because a correctional officer had to leave because she was feeling ill does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the documents that have been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide these documents within a one-month timeframe. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and

confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged documents to produce in response to this Request for Production that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and produce.

15. Documents about inmate violence, sent or received by a Warden at Trousdale.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because the phrase "inmate violence" is not defined. CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Request for Production would require CoreCivic to locate and review every communication, document, or email received by any warden or assistant warden at Trousdale since the facility opened in 2016 to determine if there is any mention of inmate violence. This immensely time consuming and expensive task would not be taken for any reasonable purpose. Indeed, the fact that a correctional officer may have reported to an assistant warden that he was trying to remove hand restraints from an inmate when the inmate jerked the restraints out of her hands does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Similarly, the fact that a sergeant may have reported to a warden that an inmate tried to throw urine on her does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the documents that have been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide these documents within a one-

3

Case 3:22-cv-00093   Document 33-26   Filed 05/04/22   Page 3 of 18 PageID #: 2718

month timeframe. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged documents to produce in response to this Request for Production that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and produce.

16. All civil judgments in state or federal court against the company from cases involving staffing or violence in CoreCivic's facilities from January 1, 2015 to December 31, 2020.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous to scope because the phrase "civil judgments" is not defined. CoreCivic also objects to this Request for Production on grounds that it is overbroad and seeks documents that are not relevant and are not proportional to the needs of the case because it is not limited to Trousdale, which is the facility that is at issue in this litigation. Subject to and without waiving these objections, no civil judgments have been entered in any state or federal courts regarding Trousdale involving understaffing or violence.

17. All reports (whether generated by CoreCivic or a government entity) that reference or identify staffing shortages or misrepresentation of staffing levels at any CoreCivic facility that were sent or received by the named individual defendants on or between January 1, 2015 to December 31, 2020.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because the term "report" is not defined and because CoreCivic does not understand what Pleasant-Bey intends by the phrase "misrepresentation of staffing levels."

4

CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. Trousdale did not open until 2016. This aside, this Request for Production is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Request for Production would require CoreCivic to locate and review every communication, document, or email received by the named individual Defendants in this case to determine if there is any mention of staffing issues, levels, or shortages in anything that could be deemed a "report." This immensely time consuming and expensive task would not be taken for any reasonable purpose. Indeed, the fact that a unit manager may have emailed an assistant warden to report that a correctional officer did not present for his shift, that there was a staffing shortage as a result, and that another correctional officer would have to report to the facility to cover the staffing shortage does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Similarly, the fact that a warden may have requested that a sergeant cover a post so as not to create a staffing shortage because a correctional officer had to leave because she was feeling ill does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the documents that have been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide these documents within a one-month timeframe. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant,

and non-privileged documents to produce in response to this Request for Production that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and produce.

18. All reports (whether generated by CoreCivic or a government entity) that reference or identify staffing shortages or misrepresentation of staffing levels since at Trousdale.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because the term "report" is not defined, because CoreCivic does not understand what Pleasant-Bey intends by the phrase "misrepresentation of staffing levels," and because CoreCivic does not understand what Pleasant-Bey intends by the phrase "since at Trousdale." CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Request for Production would require CoreCivic to locate and review every communication, document, or email received by any individual who has been employed at Trousdale since the facility opened in January 2016 to determine if there is any mention of staffing issues, levels, or shortages in anything that could be deemed a "report." This immensely time consuming and expensive task would not be taken for any reasonable purpose. Indeed, the fact that a unit manager may have emailed an assistant warden to report that a correctional officer did not present for his shift, that there was a staffing shortage as a result, and that another correctional officer would have to report to the facility to cover the staffing shortage does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Similarly, the fact that a warden may have requested that a sergeant cover a post so as not to create a staffing shortage because a correctional officer had to leave

6

because she was feeling ill does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the documents that have been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide these documents within a one-month timeframe. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged documents to produce in response to this Request for Production that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and produce.

19. Documents that identify each CoreCivic employee at Trousdale who resigned, retired, or has been terminated since January 1, 2016.

**RESPONSE**: CoreCivic objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, the name of every employee of CoreCivic of Tennessee, LLC who resigned, retired, or has been terminated from Trousdale over the last five years does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Indeed, the fact that a correctional officer may have resigned because she wanted to move to another state to be closer to her family or the fact that a sergeant may have retired because he felt ready to stop working lends nothing to this litigation. The

7

Case 3:22-cv-00093 Document 33-26 Filed 05/04/22 Page 7 of 18 PageID #: 2722

unreasonable amount of time and expense that it would take for CoreCivic to determine the employees of CoreCivic of Tennessee, LLC who resigned, retired, or have been terminated from Trousdale over the last five years renders this Request for Production further objectionable.

20. All audits or investigative reports (whether internal or external) of Trousdale since the facility was opened.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because the terms "audits" and "investigative reports" are not defined. CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Request for Production would require CoreCivic to locate, review, and produce every single audit or investigative report, whatever those terms are intended to mean, over a five-year period of time, which would be a particularly significant undertaking. This immensely time consuming and expensive task would not be taken for any reasonable purpose. Indeed, the fact that a report was created because an inmate may have slipped in water in his housing unit or the fact that a review was performed of the procedures for administering insulin to diabetic inmates does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the documents that have been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide these documents within a one-month timeframe. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client

8

privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). CoreCivic further objects to this Request for Production on grounds that it seeks documents, the disclosure of which would violate Health Insurance Portability and Accountability Act ("HIPAA") and/or T.C.A. § 10-7-504(a)(1). Any audits or investigative reports that involve medical evaluations or medical treatment for individuals other than Pleasant-Bey merit significant protection. Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged documents, the disclosure of which will not violate HIPAA or T.C.A. § 10-7-504(a)(1), to produce in response to this Request for Production that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and produce.

21. All documents referencing cost savings from staffing fewer guards than required by government contract or regulation at Trousdale between January 1, 2015 to December 31, 2020.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. Trousdale did not open until 2016. This aside, this Request for Production is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, CoreCivic has multiple documents in its possession regarding the budget and financial status of Trousdale. The number of employees of CoreCivic of Tennessee, LLC who actively are working at Trousdale may impact the financial numbers of Trousdale, so every document regarding the budget or the financial status of Trousdale could be responsive to this Request for Production yet, at the same time, would have no conceivable or reasonable bearing on the allegations in this lawsuit. Subject to and without waiving these objections, CoreCivic does not have any documents wherein it

9

analyzes the financial benefit of violating a government contract or in violating a state regulation with respect to its ownership and operation of Trousdale.

22. Monthly staffing reports concerning Trousdale submitted by CoreCivic to TDOC.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope. CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Request for Production would require CoreCivic to locate and review every communication, document, or email from anyone at CoreCivic to anyone at the Tennessee Department of Correction ("TDOC") to determine whether staffing is discussed or mentioned. Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to gain a better understanding of what it is that Pleasant-Bey seeks so that CoreCivic can determine an appropriate scope of responsive and relevant documents to produce in response to this Request for Production that will not cause a burden and expense to CoreCivic and that will not take an extended time to locate, review, and produce.

23. From 2016 to the present, copies of all reports created by CoreCivic concerning Trousdale Turner Correctional Facility concerning inmates in possession of weapons; inmate assaults on staff or other inmates; correctional officers' use of force to restrain inmates, such as pepper spray, handcuffs and leg irons, medical restraints, deadly weapons, and bean bag rounds; deaths; discovery of contraband; injuries; lockdowns; inmate defiance; partial institutional lockdowns; and total institutional lockdowns. This is intended to encompass reports in the form of CoreCivic 5-1a Incident Reports and 5-1c Incident Statements.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because the term "report" is not defined and simply is noted to "encompass" but is not noted to be limited to 5-1A Incident Reports and 5-1C Incident Statements. CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Request for Production would require CoreCivic to locate and review every 5-1A Incident Report and 5-1C Incident Statement for a five-year period of time. This immensely time consuming and expensive task would not be taken for any reasonable purpose. Indeed, the fact that an inmate may have burned his hand with boiling water in the kitchen, that a visitor may have fallen while sitting in a chair in the visitation area, that an inmate may have been found sneaking food from the cafeteria, or that a correctional officer may have reprimanded an inmate for using profanity does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the documents that have been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide these documents within a one-month timeframe. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). CoreCivic further objects to this Request for Production on grounds that it seeks documents, the disclosure of which would violate HIPAA and/or T.C.A. § 10-7-504(a)(1). Any 5-1A Incident Reports or 5-1C Incident Statements that involve medical evaluations or medical treatment for individuals other than Pleasant-Bey merit

significant protection. Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged documents, the disclosure of which will not violate HIPAA or T.C.A. § 10-7-504(a)(1), to produce in response to this Request for Production that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and produce.

24. All documents, communications, reports, and complaints concerning the gang activity and violent incidents at Trousdale Turner Correctional Facility referred to in the following news articles:

    a. Demetria Kalodimos, *Woman says she paid off gangs to keep son safe in prison*, WSMV (Oct. 5, 2017), https://www.wsmv.com/news/woman-says-she-paid-off-gangs-to-keep-son-safe-in-prison/article_a4e670ea-78be-5087-86e5-a65ecd485475.html

    b. Demetria Kalodimos, *Gang activity, security a concern at Trousdale Turner facility*, WSMV (Jun. 21, 2017), https://www.wsmv.com/news/gang-activity-security-a-concern-at-trousdale-turner-facility/article_df82a358-7073-552e-b5e4-9feb2e9cf8bc.html

    c. Demetria Kalodimos, *Former chaplain describes conditions inside TN prison*, WSMV (Jun. 19, 2017), https://www.wsmv.com/news/former-chaplain-describes-conditions-inside-tn-prison/article_9b30af82-8297-5101-b11f-b5fd9270bf18.html

**RESPONSE**: As an initial matter, it merits mention that CoreCivic disputes multiple of the allegations that are made in the referenced articles as inaccurate, unfounded, and not grounded in reality. This aside, CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because the terms "reports" and "complaints" are not defined. CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the

dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Request for Production would require CoreCivic to locate and review a countless number of documents in order to locate any mention of security threat groups. By way of example only, every inmate who is incarcerated at Trousdale is asked whether he is involved in a security threat group, and his response is documented. This Request for Production would require that CoreCivic produce this documentation for every inmate who has been incarcerated at Trousdale since the facility opened in 2016. This immensely time consuming and expensive task would not be taken for any reasonable purpose. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the documents that have been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide these documents within a one-month timeframe. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). CoreCivic further objects to this Request for Production on grounds that it seeks documents, the disclosure of which would violate HIPAA and/or T.C.A. § 10-7-504(a)(1). Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged documents, the disclosure of which will not violate HIPAA or T.C.A. § 10-7-504(a)(1), to produce in response to this Request for Production that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and produce.

25. All documents, reports, and communications concerning a lack of security at Trousdale.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because the term "reports" is not defined and because CoreCivic cannot begin to decipher what Pleasant-Bey intends by the phrase "concerning lack of security at Trousdale." CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, nearly every action that is taken at Trousdale is intended to protect the inmates who are incarcerated in the facility, the individuals who work in the facility, and the public at large. Any effort to locate, review, and produce all documents regarding security at Trousdale would be a monumental task that could not reasonably be completed in several months. This immensely time consuming and expensive task would not be taken for any reasonable purpose. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the documents that have been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide these documents within a one-month timeframe. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). CoreCivic further objects to this Request for Production on grounds that it seeks documents, the disclosure of which would violate HIPAA and/or T.C.A. § 10-7-504(a)(1). Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged documents, the disclosure of which will not violate HIPAA or T.C.A. § 10-7-504(a)(1), to produce in response to this Request for

Production that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and produce.

26. Copies of CoreCivic's policies, procedures, and protocols in effect at Trousdale Turner Correctional Facility concerning gang activity; inmates in possession of weapons; inmate assaults on staff or other inmates; correctional officers' use of force to restrain inmates, such as pepper spray, handcuffs and leg irons, medical restraints, deadly weapons, and bean bag rounds; deaths; discovery of contraband; injuries; lockdowns; inmate defiance; partial institutional lockdowns; and total institutional lockdowns.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because the terms "procedures" and "protocols" are not defined. CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, there are multiple policies, procedures, and protocols, as CoreCivic reasonably can understand those terms, in place at Trousdale regarding the referenced topics. Any effort to locate, review, and produce all such policies, procedures, and protocols would take a significant amount of time. This time consuming and expensive task would not be taken for any reasonable purpose because many of these policies, procedures, and protocols do not have any bearing on the allegations in this lawsuit. Subject to and without waiving these objections, CoreCivic will produce the table of contents for the policies that are in place at Trousdale. At Pleasant-Bey's request, CoreCivic will produce a copy of any policy requested, provided that it is relevant to the allegations in this lawsuit. Once those policies

15

are produced, counsel for CoreCivic remain willing to discuss with counsel for Pleasant-Bey the other policies, procedures, and protocols that they contend that they need in this litigation.

27. Copies of all documents provided to the Comptroller in connection with the Performance Audits.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because the term "Performance Audits" is not defined. CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. It also is not limited to Trousdale or to the allegations that are at issue in this lawsuit. Along with this, this Request for Production would require CoreCivic to locate and review every communication, document, or email from anyone at CoreCivic to anyone with the Tennessee Comptroller of the Treasury to determine whether any topics that are relevant to the allegations in this lawsuit are discussed or mentioned, which would require a significant amount of time and expense. Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to gain a better understanding of what it is that Pleasant-Bey seeks so that CoreCivic can determine an appropriate scope of responsive and relevant documents to produce in response to this Request for Production that will not cause a burden and expense to CoreCivic and that will not take an extended time to locate, review, and produce.

28. All contract monitoring reports and noncompliance reports concerning Trousdale.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague and ambiguous as to scope because CoreCivic does not understand what Pleasant-Bey intends by

the phrases "contract monitoring reports" or "noncompliance reports." CoreCivic also objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. This Request for Production is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Request for Production would require CoreCivic to locate and review every communication, document, or email generated at any point over the last five years to determine if any of those documents mention noncompliance, apparently with anything. This immensely time consuming and expensive task would not be taken for any reasonable purpose. Indeed, the fact that a medical provider may have failed to comply with a procedure regarding documentation of an inmate's skin condition or the fact that a staff member failed to comply with requirements regarding documentation to be submitted when an inmate transfers to another facility does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the documents that have been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide these documents within a one-month timeframe. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). CoreCivic further objects to this Request for Production on grounds that it seeks documents, the disclosure of which would violate HIPAA and/or T.C.A. § 10-7-504(a)(1). Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged documents, the disclosure of which will not violate HIPAA or T.C.A.

17

§ 10-7-504(a)(1), to produce in response to this Request for Production that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and produce.

Respectfully submitted,

*Erin Palmer Polly*

Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
222 Second Avenue, South
Suite 1700
Nashville, Tennessee 37201
(615) 780-6733
(615) 780-6799

*Counsel for Defendants CoreCivic, Inc., Jon Shonebarger, and Russell Washburn*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served via email this March 27, 2021, on the following:

Tricia Herzfeld, Esq.
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203

Thomas J. Aumann
Nikki Hashemian
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202

*Erin Palmer Polly*