# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| BOAZ PLEASANT-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 3:19-CV-486 |
| | ) | District Judge Aleta A. Trauger |
| STATE OF TENNESSEE, | ) | Jury Demand |
| TENNESSEE DEPARTMENT | ) | |
| OF CORRECTIONS, REVEREND | ) | |
| BRIAN DARNELL, TONY | ) | |
| PARKER, CORECIVIC, INC., | ) | |
| JON SHONEBARGER, TOM SIMIC, | ) | |
| and RUSSELL WASHBURN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CORECIVIC, INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant CoreCivic, Inc. ("CoreCivic") responds to the First Set of Requests for Production propounded by Plaintiff Boaz Pleasant-Bey ("Plaintiff").

1. Plaintiff's institutional file.

**RESPONSE:** CoreCivic will produce documents that are responsive to this Request for Production.

2. Plaintiff's medical records.

**RESPONSE:** CoreCivic will produce documents that are responsive to this Request for Production.

3. Documents constituting or concerning any complaint or grievance by Plaintiff (or on behalf of Plaintiff by someone else) of any nature, including but not limited to, communications regarding Plaintiff's complaint or grievance while incarcerated at Trousdale.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. There are multiple avenues through which Pleasant-Bey could have made a complaint or grievance, and CoreCivic cannot reasonably undertake the efforts to search all of the locations where such a complaint or grievance potentially could be located. Along with this, complaints or grievances that are unrelated to the claims in this litigation are not relevant and are not proportional to the needs of the case. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, CoreCivic will produce documents that are responsive to this Request for Production.

4. Copies of all CoreCivic policies, training materials, and forms in place at Trousdale between 2015 and the present concerning:

    a. Religious accommodations;

    b. Prisoner attire;

    c. Availability of religious texts;

    d. Availability of religious hygiene products;

    e. Religious education programs;

    f. Conjugal visits;

    g. Donation of hygiene products, outside food, religious meals, texts by third-party organizations; and

  h.  The grievance process.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. The Trousdale Turner Correctional Center ("Trousdale") was not operational until 2016. This aside, this Request for Production is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, certain of the policies requested do not have any bearing on the allegations in this lawsuit. Subject to and without waiving these objections, CoreCivic will produce documents that are responsive to this Request for Production.

5.  Documents and communications concerning any request for religious accommodation by any Muslim inmate incarcerated at Trousdale from 2015 to the present.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Request for Production is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, it would take an unreasonable amount of effort and time to even attempt to locate every request for religious accommodation that had been made by a Muslim inmate because the request could have been made in a variety of modes. This effort and time would be expended for no reasonable purpose because every request for religious accommodation that has been made by a Muslim inmate during the entire time that Trousdale has been operational does not have any conceivable bearing on the allegations in this lawsuit. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product

3

doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, CoreCivic will produce documents that are responsive to this Request for Production, specifically documents regarding Pleasant-Bey and the religious group accommodation requests of various inmates who have been incarcerated at Trousdale.

6. Documents and communications concerning any investigation or allegation of differential treatment in religious accommodations or requests at Trousdale from 2015 to the present.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Request for Production is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, the mere fact that an investigation was conducted because an inmate made a claim regarding differential treatment based on religion does not have any bearing on the claims in this lawsuit. It also would take an inordinate amount of effort and time to attempt to locate any claim of differential treatment based on religion because those claims could be made in any number of ways, including in an inmate grievance, requiring that CoreCivic review every grievance that has been filed at Trousdale since 2016. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, CoreCivic will produce documents that are responsive to this Request for Production, specifically documents that pertain to Pleasant-Bey.

7. Documents and communications concerning any donations or offers to donate items to a specific groups of inmates incarcerated at Trousdale (2015 to the present), including but not limited to, donations and offers to donate traditional Halal foods, Islamic prayer oil, Halal hygiene products, and copies of any religious texts.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Request for Production is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale and is not limited in any matter to donations made by religious groups and/or donations made for religious purposes. Along with this, it would take an unreasonable amount of effort and time to even attempt to determine any donation offers that were made to Trousdale for an extended period of time. This effort and time would be expended for no reasonable purpose because the fact that a mathematics text books or plastic chairs were offered for donation does not have any bearing on the claims in this lawsuit. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, CoreCivic will produce documents that are responsive to this Request for Production and specifically will produce certain documents that reflect donation requests made of individuals of the Islamic faith.

8. Documents and communications concerning any religious education programs at Trousdale from 2015 to the present.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks documents that are not relevant

and are not reasonably calculated to lead to the discovery of admissible evidence. Trousdale was not operational until 2016. This aside, this Request for Production is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, the religious programming at Trousdale is extensive and is subject to change. It would take an unreasonable amount of time for CoreCivic to provide every communication and document regarding the religious programming at Trousdale. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, if there are any religious programs about which Pleasant-Bey believes that more documents are warranted, CoreCivic will consider producing these documents.

9. Documents and communications concerning religious accommodation during religious holidays and feasts at Trousdale, including but not limited to Christmas, Easter, Ramadan, Id Ul Fitr, and Id Ul Adha from 2015 to the present.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, CoreCivic will produce documents that are responsive to this Request for Production and specifically will produce certain documents that reflect accommodations made during the religious holidays that are relevant to this lawsuit.

10. Documents and communications concerning investigations into or findings of staffing shortages at Trousdale from 2015 to the present.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. Trousdale was not operational until 2016. This aside, this Request for Production is not limited to the timeframe that is relevant to the claims in this lawsuit or to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, the mere fact that an investigation was conducted because an inmate made a claim regarding staffing does not have any bearing on the claims in this lawsuit. It also would take an inordinate amount of effort and time to attempt to locate any claim regarding staffing because those claims could be made in any number of ways, including in an inmate grievance, requiring that CoreCivic review every grievance that has been filed at Trousdale since 2016. CoreCivic is willing to work with Pleasant-Bey to determine how CoreCivic can provide a substantive response to this Request for Production, but the Request for Production will need to be significantly limited. CoreCivic also objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b).

11. Documents and communications concerning any grievance submitted by Plaintiff at Trousdale, including, but not limited to, internal communications among employees regarding a grievance submitted by Plaintiff, documents memorializing review of a grievance submitted by Plaintiff, documents memorializing a finding or investigation concerning a grievance submitted by Plaintiff, and documents reflecting any action taken by Defendant as a result of a grievance submitted by Plaintiff.

**RESPONSE:** CoreCivic objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, CoreCivic will produce documents that are responsive to this Request for Production.

12. Documents and communications concerning the failure of any staff member at Trousdale to adhere to the Grievance Procedures section of the Trousdale Turner Correctional Center Detention Facility Inmate Handbook; TDOC Policy 501.01; the grievance handbook; and/or Trousdale Turner Correctional Center procedures regarding hearings, election, and emergency grievances.

**RESPONSE:** CoreCivic objects to this Request for Production on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks documents that are not relevant and are not proportional to the needs of the case. Whether a staff member at Trousdale failed to adhere to Policy 501.01, Inmate Grievances, or the Inmate Handbook does not have any bearing on the allegations in this lawsuit. Indeed, the fact that a staff member was one day beyond the deadline outlined in Policy 501.01, Inmate Grievances, in responding to an inmate grievance regarding recreational opportunities does not provide any guidance or insight into the claims in this lawsuit. CoreCivic objects to this Request for Production to the extent that it seeks documents that are protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiting these objections, CoreCivic does not have documents that are responsive to this Request for Production as they relate to Pleasant-Bey.

Respectfully submitted,

*Erin Palmer Polly*

_____
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com.com
K&L Gates LLP
222 Second Avenue, South
Suite 1700
Nashville, Tennessee 37201
(615) 780-6733
(615) 780-6799

*Counsel for Defendants CoreCivic, Inc., Jon Shonebarger, and Russell Washburn*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served via U. S. Mail, first-class postage prepaid, this February 8, 2021, on the following:

Tricia Herzfeld, Esq.
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203

Thomas J. Aumann
Nikki Hashemian
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202

Terrence M. McKelvey
Butler Snow LLP
The Pinnacle at Symphony Place
150 Third Avenue, South, Suite 1600
Nashville, Tennessee 37201

*Erin Palmer Polly*

_____