UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BOAZ PLEASANT-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number 3:19-CV-486 |
| | ) | District Judge Aleta A. Trauger |
| STATE OF TENNESSEE, | ) | Jury Demand |
| TENNESSEE DEPARTMENT | ) | |
| OF CORRECTIONS, REVEREND | ) | |
| BRIAN DARNELL, TONY | ) | |
| PARKER, CORECIVIC, INC., | ) | |
| JON SHONEBARGER, TOM SIMIC, | ) | |
| and RUSSELL WASHBURN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CORECIVIC, INC.'S RESPONSES TO
PLAINTIFF'S SECOND SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant CoreCivic, Inc. ("CoreCivic") responds to the Second Set of Interrogatories propounded by Plaintiff Boaz Pleasant-Bey ("Plaintiff").

16. Identify all actions taken by CoreCivic concerning the gang activity and violent incidents at Trousdale Turner Correctional Facility referred to in the following news articles:

   a. Demetria Kalodimos, *Woman says she paid off gangs to keep son safe in prison*, WSMV (Oct. 5, 2017), https://www.wsmv.com/news/woman-says-she-paid-off-gangs-to-keep-son-safe-in-prison/article_a4e670ea-78be-5087-86e5-a65ecd485475.html

   b. Demetria Kalodimos, *Gang activity, security a concern at Trousdale Turner facility*, WSMV (Jun. 21, 2017), https://www.wsmv.com/news/gang-activity-security-a-concern-at-trousdale-turner-facility/article_df82a358-7073-552e-b5e4-9feb2e9cf8bc.html

      c.      Demetria Kalodimos, *Former chaplain describes conditions inside TN prison*, WSMV (Jun. 19, 2017), https://www.wsmv.com/news/former-chaplain-describes-conditions-inside-tn-prison/article_9b30af82-8297-5101-b11f-b5fd9270bf18.html

**ANSWER:** As an initial matter, it merits mention that CoreCivic disputes multiple of the allegations that are made in the referenced articles as inaccurate, unfounded, and not grounded in reality. This aside, CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. This Interrogatory is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at the Trousdale Turner Correctional Facility ("Trousdale"). This aside, and subject to these objections and without waiving them, in summary, nearly every action that is taken at Trousdale is intended to protect the inmates who are incarcerated in the facility, the individuals who work in the facility, and the public at large. From implementing extensive policies and procedures to providing robust training to all personnel, from patrolling the perimeter of the facility to stationing multiple individuals throughout the facility to monitor, prevent, and respond to incidents, from inspecting every individual who enters the facility to closely watching the inmates and their guests during visitation, from conducting frequent counts and inspections throughout the facility to checking the locks on the doors throughout the facility, from the grievance process to the protective custody process, from punishing inmates who engage in wrongdoing to taking action when employees violate facility standards, and from questioning inmates about incompatible inmates and security threat group affiliations to monitoring inmate mail, CoreCivic constantly attempts to provide a safe and secure environment at Trousdale. In addition, pursuant to Federal Rule of Civil Procedure 33(d), CoreCivic refers Pleasant-Bey to the documents produced in this litigation and specifically to the table of contents for the policies that are in place at Trousdale along with the list of training that is conducted at Trousdale. At Pleasant-

Bey's request, CoreCivic will produce any policies and any training materials provided that they are relevant to the allegations in this lawsuit.

17. Identify CoreCivic employees working at Trousdale or with responsibility for or over Trousdale receiving incentive compensation based on cost savings or cost minimization and the terms of that employees incentive compensation.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague and ambiguous as to scope. CoreCivic simply does not understand what it is that Pleasant-Bey is requesting through this Interrogatory. If Pleasant-Bey will better explain what it is that he seeks through this Interrogatory, CoreCivic will consider providing the requested information or may lodge additional objections. Until a better understanding is reached, CoreCivic objects to this Interrogatory on grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. The name of the individual or individuals with responsibility over any incentive compensation plans at Trousdale does not have any conceivable bearing on the allegations in this lawsuit.

18. Identify each CoreCivic employee at Trousdale who resigned, retired, or has been terminated since January 1, 2016, specifying, for each, the date range of the individual's tenure at Trousdale and whether the individual resigned, retired, or was terminated.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. This Interrogatory is not limited in time and particularly is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, the name of every employee of CoreCivic of Tennessee, LLC who resigned, retired, or has been terminated from Trousdale over the last five years does not have any conceivable or reasonable bearing on the allegations in this

lawsuit. Indeed, the fact that a correctional officer may have resigned because she wanted to move to another state to be closer to her family or the fact that a sergeant may have retired because he felt ready to stop working lends nothing to this litigation. The unreasonable amount of time and expense that it would take for CoreCivic to determine the employees of CoreCivic of Tennessee, LLC who resigned, retired, or have been terminated from Trousdale over the last five years renders this Request for Production further objectionable.

19. From 2016 to the present, identify all employee or former employee complaints concerning employee safety, facility security, inmates in possession of weapons; inmate assaults on staff or other inmates; correctional officers' use of force to restrain inmates, such as pepper spray, handcuffs and leg irons, medical restraints, deadly weapons, and bean bag rounds; deaths; discovery of contraband; injuries; lockdowns; inmate defiance; partial institutional lockdowns; total institutional lockdowns; extortion; drug trafficking; gang activity; understaffing; or overtime. For each complaint, please identify the employee, the nature of the complaint, and the location of any documents concerning the complaint.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. This Interrogatory is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Interrogatory would require CoreCivic to talk with every single employee of CoreCivic of Tennessee, LLC over the last five years to determine whether that individual either made a complaint on the multiple topics that are referenced in Interrogatory 19 or whether that individual received a complaint on the multiple topics that are referenced in Interrogatory 19. This process would take months or even years for CoreCivic to complete because it would require talking with hundreds of individuals. It likewise

4

would require that CoreCivic review an inordinate number of documents to determine if those documents contain any mention of complaints regarding the multiple topics that are referenced in Interrogatory 19. This immensely time consuming and expensive task would not be taken for any reasonable purpose. Indeed, the fact that a correctional officer may have complained regarding itching in his eyes following the proper use of pepper spray or that a sergeant may have complained regarding inmates using profanity does not have any conceivable or reasonable bearing on the allegations in this lawsuit. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the information that has been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide this information within a one-month timeframe. CoreCivic also objects to this Interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged information to provide in response to this Interrogatory that will not cause an extreme burden and expense to CoreCivic and that will not take weeks or even months to locate, review, and provide.

20. Identify any changes to CoreCivic's policies, procedures, practices, or protocols for handling violence at Trousdale since 2016.

**ANSWER:** CoreCivic objects to this Interrogatory on grounds that it is vague, ambiguous as to scope, overbroad, unduly burdensome, and seeks information that is not relevant and is not proportional to the needs of the case. This Interrogatory is not limited to the dates of Pleasant-Bey's incarceration at Trousdale. Along with this, this Interrogatory would require CoreCivic to

5

enumerate every single change that has taken place at Trousdale over the last five years. Nearly every action that is taken at Trousdale is intended to protect the inmates who are incarcerated in the facility, the individuals who work in the facility, and the public at large, so nearly every change that has been made at Trousdale is intended to accomplish the same purpose. Despite its best efforts, CoreCivic has been unable to determine a way to provide any of the information that has been requested without causing an extreme and unreasonable burden both in terms of time and expense for CoreCivic. This difficulty has been exacerbated by Pleasant-Bey's request that CoreCivic provide this information within a one-month timeframe. CoreCivic also objects to this Interrogatory to the extent that it seeks information that is protected from discovery by the attorney-client privilege, work product doctrine, and/or Federal Rule of Civil Procedure 26(b). Subject to and without waiving these objections, counsel for CoreCivic remain willing to meet and confer with counsel for Pleasant-Bey to determine an appropriate scope of responsive, relevant, and non-privileged information to provide in response to this Interrogatory. Along with this, pursuant to Federal Rule of Civil Procedure 33(d), CoreCivic refers Pleasant-Bey to the documents produced in this litigation and specifically to the table of contents for the policies that are in place at Trousdale. At Pleasant-Bey's request, CoreCivic will produce any policies provided that they are relevant to the allegations in this lawsuit.

# VERIFICATION

I have read the foregoing Interrogatories, and the Answers thereto are true and accurate to the best of my knowledge and information.

_____
Russell Washburn

STATE OF TENNESSEE )
                                           )
COUNTY OF _____ )

Before me, the undersigned, a Notary Public in and for said county and state, personally appeared Russell Washburn, with whom I am personally acquainted or proven to me on the basis of satisfactory evidence, who acknowledged that he has executed the foregoing instrument of his own free will, and that he did so for the purposes and considerations therein expressed.

Sworn to and subscribed before me on this _____ day of _____, 2021.

_____
Notary Public                                            [SEAL]

My commission expires:

_____

Case 3:22-cv-00093   Document 33-28   Filed 05/04/22   Page 7 of 8 PageID #: 2749

Respectfully submitted,

*[signature: Erin Palmer Polly]*

Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
222 Second Avenue, South
Suite 1700
Nashville, Tennessee 37201
(615) 780-6733
(615) 780-6799

*Counsel for Defendants CoreCivic, Inc., Jon Shonebarger, and Russell Washburn*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served via email this March 27, 2021, on the following:

Tricia Herzfeld, Esq.
Branstetter, Stranch & Jennings, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203

Thomas J. Aumann
Nikki Hashemian
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202

*[signature: Erin Palmer Polly]*