

**EXHIBIT**
Finamore 6-17-21
**2**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **BOAZ PLEASANT-BEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 3:19-cv-00486 |
| | ) | **Judge Trauger** |
| **STATE OF TENNESSEE, et al.** | ) | |
| | ) | **JURY DEMAND** |
| **Defendants.** | ) | |

## RE-NOTICE OF DEPOSITION PURSUANT TO RULE 30(B)(6) AND DOCUMENT REQUESTS PURSUANT TO RULE 34 TO TENNESSEE COMPTROLLER OF THE TREASURY

Please take notice that the Plaintiff, pursuant to Fed. R. Civ. P. 30(b)(6), will begin the deposition of the designee(s) of Tennessee Comptroller of the Treasury ("TCT") on **June 17, 2021** at **9:00 a.m. CST** by way of Zoom and continuing day to day until complete. Under Rule 30(b)(6), TCT shall designate one or more employees, agents, or representatives to testify as to the matters set forth in **Exhibit A**. The deposition shall be recorded by video and stenographic means.

Pursuant to Fed. R. Civ. P. 34, TCT shall produce all documents identified in **Exhibit B**, for the purposes of inspection and/or photocopying at least seven (7) days prior to the deposition.

Dated: June 10, 2021

Respectfully submitted,

*/s/ Tricia Herzfeld*
Tricia Herzfeld (BPR #26014)
**Branstetter, Stranch & Jennings, PLLC**
223 Rosa L. Parks Ave., Suite 200
Nashville, TN 37203
Ph: 615-254-8801
Fax: 615-255-5419
triciah@bsjfirm.com

*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 10, 2021 a true and correct copy of the foregoing document was served by way of electronic mail upon the following:

Thomas J. Aumann
Nikki N. Hashemian
Tennessee Attorney General's Office
P O Box 20207
Nashville, TN 37202-0207
(615) 532-2551
Fax: (615) 532-2541
Email: thomas.aumann@ag.tn.gov
Email: nikki.hashemian@ag.tn.gov

Erin Palmer Polly
Joseph F. Welborn, III
K&L Gates LLP (Nashville)
222 Second Avenue South
Suite 1700
Nashville, TN 37201
(615) 780-6733
Fax: (615) 780-6799
Email: Erin.Polly@klgates.com
Email: Joe.Welborn@butlersnow.com


Terrence M. McKelvey
K&L Gates LLP
222 2nd Avenue South
Suite 1700
Nashville, Tennessee 37201
(615) 780-6757
Fax: (615) 780-6799
Email: terrence.mckelvey@klgates.com

                                                */s/ Tricia Herzfeld*
                                                Tricia Herzfeld

# EXHIBIT A

## Instructions

1. Unless otherwise specified, these requests cover the period from January 1, 2016 to the present.

2. The document requests contained in Exhibit B are hereby served on the entity listed on the attached subpoena, and are deemed served upon its present and former officers, directors, employees, agents, predecessors, successors, parents, subsidiaries, affiliates, and divisions.

3. You must search for, collect, and produce all of the documents described in these requests in accordance with the provisions of Fed. R. Civ. P. 45.

4. If you withhold from production any document or portion of any document requested in Exhibit B, please provide a log containing the information required by Fed. R. Civ. P. 45(d)(2), i.e., (a) the identity of each person who prepared and/or signed the document;(b) the identity of each person designated as an addressee; (c) the identity of each person who received any copy of the document; (d) the date of the document; (e) the subject matter and contents of the document; and (f) the basis for withholding the document.

## Definitions

1. "CoreCivic" means the Defendant Corrections Corporation of America D/B/A CoreCivic including all officials, employees, agents, departments, divisions, counsel, and any other entity or person affiliated therewith.

2. "TDOC" refers to the Tennessee Department of Corrections.

3. "Trousdale" means the Turner Trousdale Correctional Facility operated by CoreCivic.

## Noticed Topics

Pursuant to Rule 30(b)(6) and Rule 45 of the Federal Rules of Civil Procedure, please designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on behalf of your organization about the following matters:

1. The Comptroller's Performance Audit Report concerning the Department of Correction dated November 2017, covering the Department of Corrections' activities for the period July 1, 2014 through August 31, 2017. This topic includes:

   a. Audit methodology;

   b. Documents, records, statistics, interviews, and information considered in conducting the audit, reaching any findings, and making recommendations;

   c. Findings, observations, and conclusions reflected in the report;

   d. Comptroller's recommendations; and

   e. Comptroller's follow-up examining the application of the procedures instituted because of the audit findings.

2. The Comptroller's Performance Audit Report concerning the Department of Correction dated January 2020, covering the Department of Corrections' activities for the period October 1, 2017 through July 31, 2019. This topic includes:

   a. Audit methodology;

   b. Documents, records, statistics, interviews, and information considered in conducting the audit, reaching any findings, and making recommendations;

   c. Findings reflected in the report;

   d. Comptroller's recommendations; and

   e. Comptroller's follow-up examining the application of the procedures instituted because of the audit findings.

3. To the extent not reflected in the Comptroller's 2017 and 2020 Performance Audit Reports, the Comptroller's knowledge of any actions taken by TDOC or CoreCivic in response to the 2017 and 2020 Performance Audit Reports or the conditions described in said Reports.

4. To the extent not reflected in the Comptroller's 2017 and 2020 Performance Audit Reports any actions taken by the Comptroller (and covered by Topics 1 and 2 herein), from 2016 to the present, pursuant to Tenn. Code Ann. § 4-29-111, Tenn. Code Ann. §§ 8-4-101 *et seq*, or any other state statute or regulation concerning the following:

   a. TDOC's oversight and monitoring of CoreCivic;

   b. TDOC's reporting of inmate deaths, inmate assaults, inmate violence, and correction officers' use of force, inmate accidents and injuries, and facility lockdowns; and

   c. Conditions at Trousdale.

5. The Comptroller's reporting to other governmental entities concerning TDOC and CoreCivic, such as notification to relevant government entities and officials that TDOC or CoreCivic failed to comply with a Corrective Action Plan; counseling and consultation with the Joint Government Operations Committee; and testimony, documents, or information provided to the Tennessee State Legislature.

6. From 2016 to the present, the Comptroller's knowledge and understanding of the scope and severity of noncompliance at Trousdale and the potential dangers posed by that noncompliance.

7. Any information originating from a third-party organization, entity, or individual reviewed or relied upon by the Comptroller to formulate the Performance Audit Report methodology, standards, background, findings, or recommendations. Topic 5 includes information

from the American Correction Association (ACA), American Correctional Officer Intelligence, U.S. Government Accountability Office's (GAO) *Standards for Internal Control in the Federal Government* (Green Book), Office of the Inspector General (OIG), and Bureau of Prisons (BOP).

8. The content of the Comptroller's communications with TDOC leadership concerning TDOC's oversight and monitoring of CoreCivic; TDOC's reporting of inmate deaths, inmate assaults, inmate violence, and correction officers' use of force, inmate accidents and injuries, and facility lockdowns; and conditions at Trousdale.

9. The content of the Comptroller's communications with CoreCivic employees, including, but not limited to, Warden Russell Washburn concerning conditions Trousdale.

# EXHIBIT B

For purposes of this Exhibit B, the definitions identified in Exhibit A apply.

Unless otherwise indicated, the relevant time period for the documents requested below is July 1, 2014 to the present.

Pursuant to Rule 26, 37, and 45 of the Federal Rules of Civil Procedure, you are commanded to produce the following documents pursuant to the aforementioned identified subpoena:

1. All documents deponent has consulted, reviewed, or plans to consult in preparation for his or her deposition and has relied upon or will rely upon for testimony on the above deposition topics.

2. All documents, reports, and communications reviewed by the Comptroller in conducting the Performance Audits and drafting the related Performance Audit Reports concerning TDOC dated November 2017 and January 2020.

3. All documents, reports, and communications generated by the Comptroller in connection with conducting the Performance Audits and drafting the related Performance Audit Reports concerning TDOC dated November 2017 and January 2020.

4. All reports submitted to the Comptroller pursuant to Tenn. Code Ann. § 8-4-109(b)-(d) by TDOC.

5. All reports generated by the Comptroller pursuant to Tenn. Code Ann. § 8-4-109(b)-(d) concerning TDOC.

6. All other reports and documents provided by the Comptroller to other government officials or entities concerning TDOC and/or CoreCivic.