UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| G. MARIE NEWBY, Individually, and As Administratrix of THE ESTATE OF TERRY CHILDRESS,<br><br>Plaintiffs,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, DAMON HININGER, STEVE CONRY, RAYMOND BYRD, and SHAWNA CURTIS,<br><br>Defendants. | Civil Action Number 3:22-CV-93<br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Jeffery S. Frensley<br>Jury Demand |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SPECIAL ORDER PURSUANT TO LOCAL RULE 83.04(b)

Defendants CoreCivic of Tennessee, LLC ("CoreCivic"), Damon Hininger, Steve Conry, Raymond Byrd, and Shawna Curtis (collectively, "Defendants") respectfully submit that Plaintiff G. Marie Newby's ("Newby") Motion for Special Order Pursuant to Local Rule 83.04(b) (Docket Entry 41) should be denied.

### I. INTRODUCTION

Newby's Motion for Special Order in essence asks the Court to condone inflammatory extrajudicial statements by her counsel, Daniel Horwitz ("Mr. Horwitz"), that have a substantial likelihood of materially prejudicing these proceedings, and to allow Mr. Horwitz to continue making such statements without regard for Defendants' constitutional right to a fair trial. Her request for a special order under Local Rule 83.04(b) is a classic exercise in asking for forgiveness

rather than permission. Before seeking relief from the Court with respect to his ability to publicly comment on this case, Mr. Horwitz already had made numerous disparaging statements about CoreCivic via his public Twitter account and other avenues that bear on the issues in this lawsuit. Among many inappropriate tweets, which will be the subject of a separately-filed Motion for Compliance and to Strike, Mr. Horwitz has accused CoreCivic of "kill[ing]" people and has labeled CoreCivic as a "death camp," a drug dealer, and the "single worst thing ever to come out of Williamson County, which is an Olympic-pole-vault-high bar." He also has taken to Twitter to discuss documents received through a subpoena issued to counsel for an unrelated litigant and offered his personal views on those documents and their relevance to this lawsuit. Newby only filed this motion after CoreCivic's counsel raised the issue during a discovery conference with the Court involving a different matter, and she now seeks to use Local Rule 83.04(b) as a sword to allow her counsel to continue saying whatever he wants about CoreCivic in the public domain, without regard for the impact of his extrajudicial statements on the proceedings.

Newby's request for a special order is entirely without basis. Similar to Mr. Horwitz's tweets about the issues involved in this case, the motion is an often-rambling diatribe about Mr. Horwitz's disdain for CoreCivic, while at times attempting to weave in his purported First Amendment right to publicize the issues involved in this case. What Newby ignores, however, is that Local Rule 83.04(b) does not afford the relief requested. Local Rule 83.04(b) by its terms only applies to "extrajudicial statements by parties and witnesses." Nowhere does it reference extrajudicial statements by counsel, as such statements are prohibited under Local Rule 83.04(a) when they have a substantial likelihood of materially prejudicing the proceedings, as Mr. Horwitz's inflammatory public statements about CoreCivic undoubtedly do. Mr. Horwitz's professed duty to zealously advocate on behalf of his client does not supersede this Court's clear

and undisputed prohibition on prejudicial attorney speech. Nor does the First Amendment afford Newby the relief she requests, as local rules prohibiting prejudicial attorney speech do not violate the First Amendment. Intervention by the Court is both necessary and appropriate at this juncture. The appropriate relief under Local Rule 83.04, however, is to prevent Mr. Horwitz's extrajudicial commentary about CoreCivic, not to condone it and allow it to continue in the future.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The issue of Mr. Horwitz's extrajudicial statements about this case came to CoreCivic's attention after certain documents were produced in response to a subpoena issued to Tricia Herzfeld ("Ms. Herzfeld"), an attorney representing Boaz Pleasant-Bey ("Pleasant-Bey"), a former inmate at the Trousdale Turner Correctional Center, in a different lawsuit pending before this Court. (*See* Docket Entry 28). **The same day** that she received documents from Ms. Herzfeld in response to the subpoena, Newby filed all of the documents with the Court (*see* Docket Entry 33), and Mr. Horwitz subsequently took to Twitter to provide his personal views about CoreCivic and about the documents that were produced. While Mr. Horwitz's public statements about CoreCivic and this case will be fully addressed in a separately-filed Motion for Compliance and to Strike, representative examples are excerpted below and include: (1) intentionally limited portions of documents that Mr. Horwitz obtained through the subpoena; (2) commentary from Mr. Horwitz on documents that he contends are relevant to this matter; (3) opinion statements from Mr. Horwitz, including "[t]rue galaxy brain sh-t" and "I literally can't even;" and (4) warnings to the media: "If you're a journalist who is interested in sh-t like this, I can assure you there are an almost uncountable number of mindblowing documents out there just waiting to be unearthed or pried loose with pretty minimal effort."






4

312643031.3



As also will be outlined further in Defendants' separately-filed Motion for Compliance and to Strike, Mr. Horwitz has taken to Twitter numerous times since the inception of this lawsuit to publicly criticize CoreCivic and its counsel:



The Court held a discovery conference on May 27, 2022, with respect to CoreCivic's objection to the propriety of the subpoena issued to Ms. Herzfeld, which requested documents produced in Pleasant-Bey's lawsuit that were marked confidential or confidential attorney's eyes only pursuant to a protective order. During the conference, CoreCivic's counsel notified the Court of three examples of tweets authored by Mr. Horwitz about CoreCivic and the issues involved in this case and rightfully expressed concern about CoreCivic's constitutional right to a fair trial. In response, Mr. Horwitz stated that he intended to file a Motion for Special Order with respect to his extrajudicial statements, which he then filed later that same day. The Motion for Special Order, which spans 22 pages, includes links to numerous news articles, and attaches nearly 100 pages of documents, evidences that Mr. Horwitz knew that his extrajudicial statements about CoreCivic and the documents produced pursuant to the subpoena to Ms. Herzfeld would become an issue in this case. (*See* Docket Entry 41). The Motion, however, conveniently omits the content of Mr. Horwitz's numerous extrajudicial statements about CoreCivic, and instead asks the Court to "affirm" the First Amendment rights of Newby and her counsel, while suggesting that his prejudicial commentary about CoreCivic somehow can be cured through *voir dire*. (*See id.*).

### III. LAW AND ARGUMENT

Courts have "long recognized that adverse publicity can endanger the ability of a defendant to receive a fair trial." *Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979). As such, courts have "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Id.* In exercising their authority, courts should "adopt reasonable measures to avoid injury to the parties by reason of prejudicial or inflammatory publicity." *CBS Inc. v. Young*, 522 F.2d 234, 241 (6th Cir. 1975). This Court has adopted such measures under Local Rule 83.04, which provides in relevant part as to extrajudicial statements of counsel:

> A lawyer who is participating in or has participated in the investigation or litigation of a matter, either directly or indirectly, must not make any extrajudicial statement (other than a quotation from or reference to public records) that the lawyer knows or reasonably should know will be disseminated by public communication and will have substantial likelihood of materially prejudicing an adjudicative proceeding in the matter, including especially that will interfere with a fair trial.

M.D. Tenn. L.R. 83.04(a)(1). The Rule further provides that certain types of statements are "more likely than not to have a material prejudicial effect on a proceeding," and are thus presumptively prejudicial. M.D. Tenn. L.R. 83.04(a)(2). These presumptively prejudicial statements include:

(A) Evidence regarding the occurrence or transaction involved;

(B) The character, credibility, or criminal record of a party, witness, or prospective witness;

(C) The performance or results of any examinations or tests or the refusal or failure of a party to submit to an examination or test; and

(D) Information that the lawyer knows or reasonably should know is likely to be inadmissible as evidence at trial or that would, if disclosed, create a substantial risk of prejudicing an impartial trial.

*Id.* They also include "inflammatory" pretrial publicity pervading the surrounding community. *See Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007); *Nevers v. Killinger*, 990 F. Supp. 844, 854 (E.D. Mich. 1997), *aff'd*, 169 F.3d 352 (6th Cir. 1999).

Here, Newby attempts to sidestep the provisions of Local Rule 83.04(a) by asking for a special order under Local Rule 83.04(b) allowing her counsel to continue making derogatory public statements about CoreCivic, regardless of their impact on the proceedings. Local Rule 83.04 does not afford the relief requested; in fact, it specifically is intended to prevent exactly the type of inflammatory lawyer speech that Newby now attempts to justify. Mr. Horwitz's obligations to his clients do not permit him to say whatever he wants about CoreCivic and the matters at issue in this case without regard for the impact on the proceedings, nor does the First

7

Amendment allow him to disregard the Local Rules concerning extrajudicial statements by counsel. As a result, Newby's Motion for Special Order should be denied.

### A. Local Rule 83.04(b) Does Not Provide for the Relief Requested, As Local Rule 83.04(a) Expressly Prohibits Exactly The Type of Conduct in Which Mr. Horwitz Has Engaged and Likely Will Continue to Engage.

Newby asks the Court to issue a special order pursuant to Local Rule 83.04(b) with respect to her counsel's extrajudicial commentary about CoreCivic and this case, but her Motion for Special Order tellingly contains only passing references to Local Rule 83.04 itself. That is likely because Local Rule 83.04(b) by its terms does not allow the Court to fashion relief allowing counsel to make prejudicial public statements about a party to ongoing litigation. In fact, Local Rule 83.04(b) only permits the Court to issue a special order governing "extrajudicial statements *by parties and witnesses*." It is silent as to extrajudicial statements by counsel, which are expressly addressed in Local Rule 83.04(a). Newby in essence requests an order giving her counsel carte blanche to say whatever he wants about the proceedings, but the plain language of Local Rule 83.04(b) simply does not countenance that type of relief.

In contrast, Local Rule 83.04(a) expressly prohibits a lawyer from making an extrajudicial statement that the lawyer "knows or reasonably should know will be disseminated by public communications and will have substantial likelihood of materially prejudicing an adjudicative proceeding . . . ." It is unclear how Newby can seriously contend that public attacks on an opposing party (and its counsel) do not have a substantial likelihood of materially prejudicing this proceeding and Defendants' constitutional right to a fair trial. In fact, Mr. Horwitz's public comments are not only prejudicial – they are *presumptively prejudicial* under Local Rule 83.04(a)(2). Local Rule 83.04(a)(2)(B) expressly provides that extrajudicial commentary about the character of a party is presumptively prejudicial, and Mr. Horwitz has publicly attacked

8

312643031.3

Case 3:22-cv-00093   Document 44   Filed 06/10/22   Page 8 of 13 PageID #: 4156

CoreCivic's character and credibility on numerous occasions since the inception of this case, as detailed in Defendants' separately-filed Motion for Compliance and to Strike. Local Rule 83.04(a)(2)(A) also considers commentary on "evidence regarding the occurrence or transaction involved" as presumptively prejudicial, and Mr. Horwitz undisputedly has commented on potential evidence by publicly offering his personal views about the documents produced in response to the subpoena issued to Ms. Herzfeld.

In an attempt to circumvent the plain language of Local Rule 83.04, Newby contends that Defendants' "professed concerns" about Mr. Horwitz's derogatory public comments are premature and that jury selection is the relevant time to assess the prejudicial effect of a lawyer's extrajudicial statements. (*See* Docket Entry 41 at 15-16). Local Rule 83.04(a), however, is silent as to timing in regards to the prejudicial effect of lawyer speech while a lawsuit is pending. What matters for purposes of Local Rule 83.04 is the impact on a party's constitutional right to a fair trial, not the timing of an extrajudicial statement about the matters involved in litigation. In matters involving presumptively prejudicial extrajudicial comments, "the burden is upon the person commenting upon such matters to show that the comment[s] did not pose such a threat." M.D. Tenn. L.R. 83.04(a)(2). Mr. Horwitz has failed to satisfy this burden as he has neglected to substantively address even one of his public statements about this case. Accordingly, Newby's Motion for Special Order should be denied because the relief she seeks contradicts Local Rule 83.04.

  **B.**  **Mr. Horwitz's Ethical Obligations to His Clients Do Not Excuse His Duty to Comply with the Local Rules.**

Newby also argues that Mr. Horwitz's conduct is justified because of his ethical duty to advocate for Newby and his other clients. (Docket Entry 41 at 18-21). This argument also ignores Local Rule 83.04(a), which prohibits lawyers from making extrajudicial statements that they know or should know "will have substantial likelihood of materially prejudicing an adjudicative

proceeding in the matter, including especially that will interfere with a fair trial," regardless of the purpose for the comment purportedly is offered. There is no exception allowing prejudicial public commentary about a party or the matters involved in a lawsuit if such commentary benefits a lawyer's client in the lawyer's own estimation. If that were the case, lawyers simply could say anything they want about the parties and proceedings and later justify prejudicial statements under the pretense of zealous public advocacy.

Indeed, Local Rule 83.04 contains only a limited exception permitting a lawyer to make a statement *to protect* a client from the prejudicial effect of publicity:

> Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required ***to protect a client*** from the substantial undue prejudicial effect of recent publicity ***not initiated by the lawyer*** or the lawyer's client. A statement made pursuant to this paragraph must be limited to such information as is necessary to mitigate the recent adverse publicity.

M.D. Tenn. L.R. 83.04(a)(3). Mr. Horwitz's public statements about CoreCivic cannot be construed as intending to protect *Newby* from any "substantial undue prejudicial effect of recent publicity." In contrast, the only "recent publicity" involved in this case was initiated solely by Mr. Horwitz through his extrajudicial commentary and is entirely adverse to CoreCivic.

Mr. Horwitz's rambling (and at times, self-congratulatory) ruminations about public advocacy have no bearing on the matter at hand. Mr. Horwitz's duty to advocate on behalf of his client does not trump the mandates of a Local Rule that specifically limits the extent of his alleged advocacy and the matters he is permitted to publicly address on behalf of his client. Mr. Horwitz does not simply get to say whatever he wants about CoreCivic in the public domain without regard for the Local Rules under the guise of advocating for his client. His ethical duties to his clients provide no support for his request for a special order under Local Rule 83.04(b).

### C. The First Amendment Does Not Permit Mr. Horwitz to Make Prejudicial Public Comments About CoreCivic in Violation of Local Rule 83.04.

At various points in her motion, Newby makes reference to her counsel's First Amendment right to speak without limitation about a party to this case and the matters at issue. The First Amendment does not, however, supersede the existence of a clearly-defined Local Rule prohibiting prejudicial attorney speech. Indeed, "the Supreme Court [has held] that a local rule prohibiting attorney speech that had a 'substantial likelihood of material prejudice' on a [] trial d[oes] not violate the First Amendment." *United States v. Wecht*, 484 F.3d 194, 204 (3d Cir. 2007) (citing *Gentile v. State Bar of Nevada,* 501 U.S. 1030, 1063 (1991)); *see also United States v. Brown*, 218 F.3d 415, 423 (5th Cir. 2000) ("[W]e conclude that the gag order is constitutionally permissible because it is based on a reasonably found substantial likelihood that comments from the lawyers and parties might well taint the jury pool."). This limitation on attorney speech is "aimed at two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found." *Gentile*, 501 U.S. at 1075.

Without referencing Local Rule 83.04(a), Newby appears to express concern about how the Court should enforce the rule. Newby contends that the Court should apply strict scrutiny in assessing the propriety of his public commentary on this matter. This contention also is inconsistent with applicable case law. Indeed, "the Supreme Court explicitly rejected a strict scrutiny analysis for attorney speech because attorneys participating in a pending case have 'special access to information through discovery and client communications' which poses 'a heightened threat to the fair administration of justice.'" *Sweet v. City of Mesa*, 2021 WL 3130335, at *3 (D. Ariz. July 23, 2021) (citing *Standing Comm. on Discipline of U.S. Dist. Ct. for Cent. Dist. of California v. Yagman*, 55 F.3d 1430, 1442 (9th Cir. 1995) (quoting *Gentile*, 501 U.S. at

1074)); *see also United States v. Walker*, 890 F. Supp. 954, 957 (D. Kan. 1995) (indicating that attorney speech "may be subjected to greater limitations than could constitutionally be imposed on other citizens or on the press"). If the Supreme Court intended for strict scrutiny to apply to attorney speech, it would have held as such. Viewing the Court's restrictions on prejudicial attorney speech through the lens of strict scrutiny would render the standard under Local Rule 83.04 meaningless.

Newby then suggests an extensive *voir dire* process as a solution to the prejudicial public statements her counsel already has made, and undoubtedly intends to continue making as this case progresses if not prevented from doing so. Notwithstanding the fact that Defendants already are entitled to conduct *voir dire* during the trial of this matter, the *voir dire* process will not remedy the prejudicial effect of Mr. Horwitz's inflammatory statements – which are only growing in number and prejudicial impact by the day. If Defendants were to wait until the commencement of *voir dire* to address their concerns, the harm will have already been done. Newby's proposed "solution" to her counsel's inappropriate extrajudicial conduct is untenable.

## IV. <u>CONCLUSION</u>

For these reasons, the Court should deny Newby's Motion for Special Order Pursuant to Local Rule 83.04(b).

Respectfully submitted,

/s/ Joseph F. Welborn, III
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700

*Counsel for Defendants CoreCivic of Tennessee, LLC, Damon Hininger, Steven Conry, Raymond Byrd, and Shawna Curtis*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this June 10, 2022, on the following:

Daniel A. Horwitz
Lindsay E. Smith
Horwitz Law, PLLC
4016 Westlawn Drive
Nashville, Tennessee 37209

Brice M. Timmons
Craig A. Edgington
Donati Law, PLLC
1545 Union Avenue
Memphis, Tennessee 38104

/s/ Joseph F. Welborn, III