UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| G. MARIE NEWBY, Individually, and As Administratrix of THE ESTATE OF TERRY CHILDRESS, <br><br> Plaintiffs, <br><br> v. <br><br> CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, DAMON HININGER, STEVE CONRY, RAYMOND BYRD, and SHAWNA CURTIS, <br><br> Defendants. | Civil Action Number 3:22-CV-93 <br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Jeffery S. Frensley <br> Jury Demand |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION
FOR COMPLIANCE WITH LOCAL RULE 83.04 AND TO STRIKE**

A.  **Mr. Horwitz's Excuses for His Violations of Local Rule 83.04 Are Inadequate.**

In responding to Defendants' Motion, Mr. Horwitz does not really deny that he violated Local Rule 83.04.[1] Rather, Mr. Horwitz provides excuses for why his violations of this Court's Local Rule should be ignored. First, his Response talks at length about his personal views of CoreCivic, as if that excuses his behavior. It does not. Then, by citation mostly to outdated opinion pieces from *The Tennessean*, he claims that CoreCivic has a "massive, well-funded public relations

---

[1] Instead, Mr. Horwitz hardly addresses the issue and simply makes the fleeting assertion that his public comments are appropriate under Local Rule 83.04 as a response to some nonexistent prejudicial statements. It is an untenable position, which no doubt is why Mr. Horwitz buries it in four sentences near the end of his response brief.

apparatus" that has been "revved up" on this matter. While not true (and lacking in evidence), whether true or not, Mr. Horwitz is not free to violate the Local Rule.

Mr. Horwitz next contends that Defendants have failed to demonstrate prejudice from his violations. This is not a valid excuse for his behavior. Regardless, Defendants are not required to prove prejudice under the Local Rule. In fact, Mr. Horwitz's statements are presumptively prejudicial, and it is Mr. Horwitz's burden to demonstrate that his statements do not pose a threat to a fair trial with an impartial jury. He attempts to do so by arguing that the trial of this matter is eighteen months away, that this case statistically has a high probability of settling, and that few people use Twitter. These excuses do not free Mr. Horwitz to ignore the Local Rule. His statements on Twitter already have made their way to local newspaper and television outlets. As Mr. Horwitz publicly has stated, he does not plan to stop. Indeed, in a June 17, 2022, statement, Mr. Horwitz proclaimed: "[A] little abuse of the legal process is not going to stop me . . . ."



**B.     The First Amendment Does Not Permit Mr. Horwitz to Violate the Local Rule.**

Mr. Horwitz provides a litany of reasons regarding why the First Amendment purportedly permits him to violate the Local Rule. He is wrong. The First Amendment does not supersede the

existence of a clearly-defined Local Rule prohibiting prejudicial attorney speech. Indeed, "the Supreme Court [has held] that a local rule prohibiting attorney speech that had a 'substantial likelihood of material prejudice' on a . . . trial d[oes] not violate the First Amendment." *United States v. Wecht*, 484 F.3d 194, 204 (3d Cir. 2007) (citing *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1063 (1991)); *Wecht*, 484 F.3d at 204 ("[W]e now exercise our supervisory authority to require that district courts apply Local Rule 83.1 to prohibit only speech that is substantially likely to materially prejudice ongoing criminal proceedings."). Other courts have reached a similar result. *Mezibov v. Allen*, 411 F.3d 712, 719 (6th Cir. 2005) ("Therefore, because an attorney, by the very nature of his job, voluntarily agrees to relinquish his rights to free expression in the judicial proceeding, we see no basis for concluding that his free speech rights are violated by a restriction on that expression."); *United States v. Brown*, 218 F.3d 415, 423 (5th Cir. 2000) ("[W]e conclude that the gag order is constitutionally permissible because it is based on a reasonably found substantial likelihood that comments from the lawyers and parties might well taint the jury pool."); *Columbus Bar Association v. Bahan*, 2022 WL 1110568, at \*6 (Ohio Apr. 14, 2022) ("By accepting the privilege of practicing law, an attorney accepts certain conditions and duties as an officer of the court. And while the First Amendment may be invoked as a defense for permissible criticism, that is not the situation here."); *Matter of Abrams*, 488 P.3d 1043, 1051 (Colo. 2021) (citation omitted) ("A state's interest in regulating attorney speech is at its strongest when the regulation is necessary to preserve the integrity of the justice system or to protect clients.").

Moreover, the Supreme Court has explained that "the speech of lawyers representing clients in pending cases may be regulated under a less demanding standard" because the lawyer in that role is an officer of the court. *Gentile*, 501 U.S. at 1074; *see also Board of Professional Responsibility v. Parrish*, 556 S.W.3d 153, 165-67 (Tenn. 2018) (collecting cases) ("In cases

3
312841205.1
Case 3:22-cv-00093   Document 49   Filed 07/01/22   Page 3 of 6 PageID #: 4257

analyzed in terms of the First Amendment, courts in numerous other jurisdictions, as well as the United States Supreme Court, have rejected the proposition that the First Amendment provides absolute protection to attorney speech."); *Mississippi Bar v. Lumumba*, 912 So. 2d 871, 883 (Miss. 2005) (citation omitted) ("The basic legal reasoning in support of this position is '[l]awyers are officers of the Court and, as such, may legitimately be subject to ethical precepts that keep them from engaging in what otherwise might be constitutionally protected speech.'"). This limitation on attorney speech is "aimed at two principal evils: (1) comments that are likely to influence the actual outcome of the trial, and (2) comments that are likely to prejudice the jury venire, even if an untainted panel can ultimately be found." *Gentile*, 501 U.S. at 1075.

Mr. Horwitz does not contend that Local Rule 83.04 is unconstitutional. He cannot. Instead, Mr. Horwitz cites the Court to nearly twenty-five cases across multiple pages of briefing that address general First Amendment protections. Mr. Horwitz does not cite the Court to a single case that addresses Local Rule 83.04 or a local rule that is similar to Local Rule 83.04. Even more, Mr. Horwitz does not cite the Court to a single case in his twenty-seven pages of briefing that addresses the regulation of attorney speech. The reason is apparent -- Mr. Horwitz has been unable to locate case law supporting the position that the regulation of attorney speech in a manner like that found in Local Rule 83.04 is unconstitutional. Realizing this, Mr. Horwitz contends that it is Defendants' requested application of Local Rule 83.04 that is unconstitutional. To be certain, Defendants merely are asking the Court to enforce Local Rule 83.04 as written and to give them what they are entitled to in this context -- that is, a fair trial with an impartial jury.

C. **Suggestions of *Voir Dire* and Arguments of Compliance Are Fleeting and Flat.**

In a final Hail Mary, Mr. Horwitz contends that *voir dire* can cure his violations of Local Rule 83.04. The Supreme Court previously addressed this issue and affirmatively disagreed with

the notion. *Gentile*, 501 U.S. at 1075 ("Even if a fair trial can ultimately be ensured through *voir dire,* change of venue, or some other device, these measures entail serious costs to the system. Extensive *voir dire* may not be able to filter out all of the effects of pretrial publicity . . . The State has a substantial interest in preventing officers of the court, such as lawyers, from imposing such costs on the judicial system and on the litigants."). Even if the prejudice that Mr. Horwitz has caused could be alleviated to some extent, it does not matter. The question is whether Mr. Horwitz has violated Local Rule 83.04, and he undeniably has. Along with this, Mr. Horwitz devotes a mere four sentences to a half-hearted contention that the exception that is contained in Local Rule 83.04(a)(3) excuses his conduct. It does not. Local Rule 83.04(a)(3) provides:

> Notwithstanding paragraph (a), a lawyer may make a statement that a [(1)] reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity [(2)] not initiated by the lawyer or the lawyer's client. [(3)] A statement made pursuant to this paragraph must be limited to such information as is necessary to mitigate the recent adverse publicity.

Local Rule 83.04(a)(3). Defendants have not generated any recent publicity regarding the matters that are at issue in this lawsuit or regarding Terry Childress, Mr. Horwitz has not pointed to any substantial undue prejudicial effect on Plaintiff of any claimed publicity, and Mr. Horwitz's statements are extraordinarily voluminous in scope and certainly not limited to the information that is necessary to mitigate recent adverse publicity. While Mr. Horwitz directs the Court to CoreCivic's response to a media inquiry from February 2022, that response does not mention Childress or the allegations underlying this lawsuit, generically states that CoreCivic respects the dignity and rights of the inmates who are entrusted to its care, and, again, does not impact or prejudice Childress or this lawsuit in any manner. Local Rule 83.04 is constitutional, and Mr. Horwitz violated it. If the Court does not provide for the requested relief, he will not stop.

Respectfully submitted,

/s/ Joseph F. Welborn, III
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
Erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700

*Counsel for Defendants CoreCivic of Tennessee, LLC, Damon Hininger, Steven Conry, Raymond Byrd, and Shawna Curtis*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this July 1, 2022, on the following:

| | |
|---|---|
| Daniel A. Horwitz<br>Lindsay E. Smith<br>Horwitz Law, PLLC<br>4016 Westlawn Drive<br>Nashville, Tennessee 37209 | Brice M. Timmons<br>Craig A. Edgington<br>Donati Law, PLLC<br>1545 Union Avenue<br>Memphis, Tennessee 38104 |

/s/ Joseph F. Welborn, III