UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| G. MARIE NEWBY, Individually, and As Administratrix of THE ESTATE OF TERRY CHILDRESS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action Number 3:22-CV-93 Chief Judge Waverly D. Crenshaw, Jr. |
| CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, DAMON HININGER, STEVE CONRY, RAYMOND BYRD, and SHAWNA CURTIS, | ) ) ) ) ) ) ) ) | Magistrate Judge Jeffery S. Frensley Jury Demand |
| Defendants. | ) | |

**REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENAS *DUCES TECUM***

In her opposition brief, Plaintiff G. Marie Newby ("Newby") casts various unsupported aspersions of discovery misconduct on Defendant CoreCivic of Tennessee, LLC ("CoreCivic"), in an attempt to obtain documents that were designated as confidential or confidential attorneys' eyes only pursuant to a protective order entered in an unrelated lawsuit involving a different litigant, Boaz Pleasant-Bey (the "Pleasant-Bey Case"). Tellingly, Newby ignores the critical question that the Court asked the parties to answer in connection with their discovery dispute concerning the propriety of the subpoenas Newby issued to Tricia Herzfeld ("Ms. Herzfeld") and the Tennessee Department of Correction (the "TDOC"), which is whether Newby has the right to circumvent Federal Rule of Civil Procedure 34 by issuing a nonparty subpoena under Rule 45 requesting documents belonging to CoreCivic. That likely is because Newby does not have a good answer to

that question, as settled legal authority demonstrates that she does not have the right to bypass a protective order entered in separate litigation by issuing a nonparty subpoena under Rule 45.

While this settled authority should end the inquiry, the arguments Newby raises in opposition to CoreCivic's Motion to Quash also completely lack merit. As to CoreCivic's standing to challenge the subpoenas, Newby does not dispute that CoreCivic has standing to challenge the production of such documents on confidentiality grounds, as CoreCivic undisputedly has a privilege or personal right to its confidential documents notwithstanding its objections to the relevance of those documents to this proceeding.[1] (*See* Docket Entry 47 at 9). Ms. Herzfeld previously produced documents that were not marked confidential or confidential attorneys' eyes only, which Newby promptly and improperly filed with the Court. (*See* Docket Entry 33). Those documents are not the subject of CoreCivic's Motion to Quash; the only documents that are at issue are those that were marked confidential or confidential attorneys' eyes only pursuant to the protective order entered in the Pleasant-Bey Case. CoreCivic has standing to move to quash the subpoenas as it relates to those confidential documents. *See Murr v. Midland Nat. Life Ins. Co.*, 2011 WL 3236001, at *1 (S.D. Cal. July 28, 2011) ("Because all of the documents requested through the subpoena are documents Midland produced in another litigation subject to a protective order, it clearly does have standing based upon its 'personal right' and interest in the documents.").

---

[1] While Newby maintains that CoreCivic lacks standing to challenge the subpoenas on relevance grounds, she still must satisfy her burden of demonstrating relevance and proportionality as to the documents she seeks. *Fusion Elite All Stars v. Varsity Brands, LLC*, 340 F.R.D. 255, 261 (W.D. Tenn. 2022). She fails in this regard. For example, Newby contends that documents related to inmates' ability to purchase the Qur'an somehow are relevant to this case, which involves inmate-on-inmate violence. (Docket Entry 47 at 11-12). It strains credibility for Newby to continually maintain that all of the documents that CoreCivic produced in the Pleasant-Bey Case are relevant here, when the two lawsuits involve different claims and different issues.

Recognizing that CoreCivic has standing to challenge the subpoenas based on the confidentiality designations made in the Pleasant-Bey Case, Newby then questions the merits of those designations, contending that certain documents improperly were marked as confidential or confidential attorneys' eyes only pursuant to the protective order. (Docket Entry 47 at 14-15). Newby's unsupported belief that certain documents are not actually confidential provides no basis for her demand that they be produced in this litigation. The protective order entered in the Pleasant-Bey Case outlines the procedure through which a party to that lawsuit can challenge a confidentiality designation if it contends that any material is not entitled to be designated as confidential or confidential attorneys' eyes only. (*See* Case No. 3:19-CV-00486, Docket Entry 82 at 5). None of the parties to the Pleasant-Bey Case challenged CoreCivic's designation of certain documents as confidential or confidential attorneys' eyes only; thus, those documents remain confidential pursuant to the protective order despite Newby's contentions otherwise.

Newby does not explain how she has grounds to challenge the confidentiality designations of documents produced pursuant to a protective order entered in a different lawsuit or how her unsupported views about those designations entitle her to receive the documents through Rule 45 subpoenas. She also does not explain why the Court in this case, which involves different claims and different issues, should be tasked with the burden of addressing individual confidentiality designations for documents produced in a different lawsuit where the Court in that lawsuit never was called upon to address the confidentiality designations. Newby offers no basis to suggest that her attempt to circumvent the process for engaging in party discovery requires the Court to undertake a painstaking confidentiality analysis as to the documents produced in the Pleasant-Bey Case when none of the parties ever questioned the good faith designations in that lawsuit.

Furthermore, Newby's reliance on cases that involve "conclusory" claims of confidentiality is misplaced. Notably, none of these cases involved a subpoena seeking the production of documents that were subject to a protective order filed in another action. In *Hamm v. Cunningham*, 2012 WL 13027079 (N.D. Ohio May 16, 2012), for example, while the plaintiff vaguely alleged that the documents sought contained his confidential information, there was no evidence that the documents were subject to a privilege or other form of protection. *Id*. at *1. In *Schaumleffel v. Muskingum Univ.*, 2019 WL 3071851 (S.D. Ohio July 15, 2019), the party challenging the subpoena only alleged that "the information sought is entirely protected information," which the court held did not establish a privilege or personal right over the documents sought. *Id*. at *4. The same goes for the rest of the cases Newby cites in an attempt to demonstrate that CoreCivic failed to satisfy its burden to quash the subpoenas (*see* Docket Entry 47 at 13-14). These cases all are distinguishable from this case, where the existence of a protective order entered in another case establishes the privilege and protection over the documents requested.

Newby also argues that quashing the subpoenas is an improper remedy, and that CoreCivic instead should have sought a protective order with respect to the confidential documents it produced in the Pleasant-Bey Case. (Docket Entry 47 at 17-19). She again misinterprets the applicable law, as courts consistently have granted motions to quash where a subpoena requests documents that are subject to a protective order in another lawsuit. *See In re Keebaugh*, 2019 WL 5802703, at *2 (E.D. Pa. Nov. 6, 2019) (granting motion to quash a nonparty subpoena requesting documents from a plaintiff in a separate, unrelated action against the same defendant); *Murr*, 2011 WL 3236001, at *1 (quashing plaintiff's nonparty subpoena seeking documents produced in separate litigation under a protective order). Regardless, Federal Rule of Civil Procedure 26(b)(2)(C) provides that a court must limit the extent of discovery if the discovery sought is "unreasonably cumulative or duplicative." Sending out subpoenas to nonparties for an opposing

4

party's own documents is unreasonably cumulative, particularly considering that there is a process through which Newby can seek documents from CoreCivic and challenge any objections. *See PCA-Corr., LLC v. Akron Healthcare LLC*, 2021 WL 2043118, at *3 (S.D. Ohio May 21, 2021). Newby did not serve CoreCivic with a discovery request seeking the documents produced in the Pleasant-Bey Case (likely anticipating the meritorious objections CoreCivic would lodge) and opted to subpoena them from nonparties instead. There is no clearer end-run around party discovery than this. Quashing the subpoenas to prevent Newby from obtaining CoreCivic's confidential documents from another source is the appropriate remedy in this instance.

Finally, if the Court were to indulge the discovery tactics in which Newby has chosen to engage, it would create a slippery slope that would undermine the entire purpose of a protective order governing the production of confidential documents. In fact, Newby's efforts to sidestep the requirements of Rule 34 already have spawned at least one copycat subpoena seeking all documents that CoreCivic produced in the Pleasant-Bey Case, as a different prisoner litigant named Maurice Albornoz recently served Ms. Herzfeld with a subpoena containing ***an identical description*** of the documents Newby seeks through the subpoena issued to Ms. Herzfeld in this case. (*See* Exhibit A). The efficacy of a protective order would be lost if the information it covers can be requested by parties in unrelated litigation without regard for confidentiality designations. The potential impact of allowing Newby to circumvent the process for party discovery also compels the decision to quash the subpoenas.

For these reasons, and for the reasons set forth in its Motion and supporting Memorandum of Law, CoreCivic requests that the Court quash the subpoenas issued to Ms. Herzfeld and to the TDOC to the extent that they seek documents that were designated as confidential or confidential attorneys' eyes only pursuant to the protective order entered in the Pleasant-Bey Case.

5

3128373305.1 Case 3:22-cv-00093   Document 50   Filed 07/01/22   Page 5 of 6 PageID #: 4265

Respectfully submitted,

/s/ Joseph F. Welborn, III
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
Erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700
(615) 780-6799

*Counsel for Defendants CoreCivic of Tennessee, LLC, Damon Hininger, Steven Conry, Raymond Byrd, and Shawna Curtis*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this July 1, 2022, on the following:

| | |
|---|---|
| Daniel A. Horwitz<br>Lindsay E. Smith<br>Horwitz Law, PLLC<br>4016 Westlawn Drive<br>Nashville, Tennessee 37209 | Brice M. Timmons<br>Craig A. Edgington<br>Donati Law, PLLC<br>1545 Union Avenue<br>Memphis, Tennessee 38104 |
| Dean S. Aytia<br>Assistant Attorney General<br>Law Enforcement and Special Prosecutions<br>P.O. Box 20207<br>Nashville, Tennessee 37202 | Tricia Herzfeld<br>Branstetter, Stranch & Jennings, PLLC<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, Tennessee 37203 |

/s/ Joseph F. Welborn, III
