IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| G. MARIE NEWBY, Individually, and as Administratrix of THE ESTATE OF TERRY CHILDRESS<br>　　　　Plaintiffs,<br><br>v.<br><br>CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, DAMON HININGER, STEVE CONRY, RAYMOND BYRD, and SHAWNA CURTIS,<br>　　　　Defendants. | Civil Action No. 3:22-CV-00093<br>Chief Judge Crenshaw/Frensley |

## ORDER

Pending before the Court is Defendant CoreCivic of Tennessee, LLC's ("CoreCivic") Motion to Quash Subpoenas Duces Tecum. Docket No. 42. CoreCivic also filed a Memorandum of Law in support of the Motion. Docket No. 43. Plaintiff G. Marie Newby ("Ms. Newby") filed a Response in Opposition to Defendants' Motion to Quash. Docket No. 47. CoreCivic filed a Reply. Docket No. 50. For the reasons stated below, the CoreCivic's Motion is **DENIED**.

## I. INTRODUCTION

CoreCivic seeks to quash the subpoena that Ms. Newby issued to Tricia Herzfeld ("Ms. Herzfeld") and the Tennessee Department of Correction ("TDOC") requesting all documents produced by CoreCivic in a prior lawsuit, *Boaz Pleasant-Bey v. State of Tennessee, et al.*, Civil Action Number 3:19-cv-486 ("the Pleasant-Bey case").[1] Docket No. 43, p. 1. CoreCivic "requests

---

[1] Ms. Herzfeld is an attorney who represented the plaintiff in the Pleasant-Bey case. *See* Docket No. 43, pp. 1-2.

that the Court quash the subpoenas issued to Ms. Herzfeld and to the TDOC to the extent they seek documents belonging to CoreCivic that have not already been produced in this lawsuit." *Id.* at 3.

## II. BACKGROUND

Ms. Newby brought this suit following the death of her son, Terry Childress ("Mr. Childress") on February 24, 2021, in the Trousdale Turner Correctional Center operated by CoreCivic. Docket No. 1, p. 11. Ms. Newby claims that Mr. Childress' death was caused by Defendants' negligence and "deliberate indifference," and seeks a total of ten million dollars in compensatory and punitive damages. *Id.* at 19-28.

On or about April 8, 2022, Ms. Newby issued a subpoena *duces tecum* to Ms. Herzfeld. Docket No. 28. The subpoena requested "[a]ll discovery, inclusive of deposition testimony, produced by Defendant CoreCivic, Inc., its current or former agents, and its current or former employees" in the Pleasant-Bey case. *Id.* On April 12, 2022, Ms. Newby's counsel emailed Ms. Herzfeld, along with CoreCivic's counsel, a copy of the subpoena. Docket No. 36-1, p. 5. On April 13, 2022, CoreCivic's counsel sent an email to Ms. Newby's counsel stating that CoreCivic took issue with the subpoena. Docket No. 43, p. 3. The parties discussed the issue on April 22, 2022, but were unable to reach an agreement. *Id.* at 4. On April 28, 2022, CoreCivic's counsel emailed Ms. Newby's counsel, outlining concerns about the confidentiality of documents requested in the subpoena, relevance of the requested documents to the case at bar, and Ms. Newby's choice to request the documents from Ms. Herzfeld rather than from CoreCivic. Docket No. 36-2, p. 1. Later that day, CoreCivic's counsel requested a discovery conference with the Court. *Id.*

On May 4, 2022, CoreCivic filed a motion seeking to hold Ms. Herzfeld's response to the subpoena in abeyance until after the discovery conference. *Id.*; *see* Docket No. 32. Ms. Herzfeld responded to the subpoena later that day, producing non-confidential discovery documents from

2

the Pleasant-Bey case. Docket No. 42, p. 4. Ms. Newby then submitted a Notice of Filing (Docket No. 33) to which she attached all the documents produced by Ms. Herzfeld. On May 12, 2022, the Court granted CoreCivic's motion to hold Ms. Herzfeld's response in abeyance and set a discovery conference for May 27, 2022. Docket No. 35. On May 18, 2022, Ms. Newby filed a Motion to Revise and Reconsider (Docket No. 36), disputing the Court's order on the grounds that CoreCivic lacked standing to challenge the subpoena. *Id.* at 4-7.

On May 27, 2022, the parties participated in a discovery conference but were unable to resolve their dispute. Docket No. 43, p. 5-6. The Court entered an order granting CoreCivic permission to "file a motion to quash the subpoena that is the subject of the discovery dispute." Docket No. 40. That same day, Ms. Newby issued a subpoena to the TDOC requesting "[a]ll discovery, inclusive of deposition testimony and exhibits, produced or received by the Tennessee Department of Correction in MDTN Case 3:19-cv-00486, *Boaz Pleasant-Bey v. State of Tennessee, et. al.*, including all deposition exhibits of Chris Brun, Jon Walton, Kelly Young, Vincent Finamore, and Tony Parker." Docket No. 39, p. 1.

On June 10, 2022, CoreCivic filed its Motion to Quash Subpoenas Duces Tecum. Docket No. 42. Although CoreCivic's Motion requests that the Court quash the subpoena issued to Ms. Herzfeld as well as to the TDOC, the Court will only address the subpoena issued to Ms. Herzfeld at this time, as it was the only subpoena discussed during the discovery conference. Docket No. 43; *see* Docket No. 40. However, the Court instructs the parties to meet and confer regarding the subpoena issued to the TDOC, and any future subpoenas, based on this order.

### III. LAW & ANALYSIS

CoreCivic contends that Ms. Newby should have requested the documents from CoreCivic under Fed. R. Civ. P. 34, rather than subpoenaing the documents from a non-party under Fed. R.

3

Civ. P. 45. Docket No. 43, p. 1-3. CoreCivic further asserts that the requested documents are of no relevance to the present case, which concerns the death of an inmate in CoreCivic's Trousdale Turner facility, because the Pleasant-Bey case "primarily involved religious rights claims." Docket No. 43, pp. 3, 13-14. CoreCivic argues that "the subpoenas should be quashed because they seek documents that are not relevant to the questions of whether Defendants were deliberately indifferent to Childress's safety and security." *Id.* at 14.

Ms. Newby asserts "[t]here are also good reasons to seek the documents from a non-party instead. For one thing, by establishing that the documents were produced by a non-party, [she] will be able to demonstrate that CoreCivic was aware of their contents by at least the date they were produced, notwithstanding their categorical denials of understaffing in this action months later. For another, CoreCivic is untrustworthy." Docket No 47, p. 10, n. 2. Ms. Newby then cites to news articles asserting that CoreCivic has previously destroyed and falsified records. *Id.*

Ms. Newby also argues that, despite CoreCivic's assertions to the contrary, the documents Ms. Herzfeld produced in response to the subpoena were indeed relevant to the case at bar. *Id.* at 4. Some of the deposition testimony mentions Mr. Childress by name, and there is evidence that the Trousdale Turner facility failed to comply with contractual staffing requirements. *Id.* Ms. Newby asserts that "the subpoenaed documents contain not only relevant evidence, but powerfully relevant evidence of the Defendants' chronic, pervasive, routine, and knowing violations of its contract requirements, including extensive reports of understaffing non-compliance and recurring liquidated damages penalties assessed by the Tennessee Department of Correction." *Id.* at 11.

    A. **Standing to Challenge Non-Party Subpoena**

As a threshold issue, the Court must determine whether CoreCivic has standing to challenge a subpoena issued to a non-party. The Sixth Circuit has stated that "[o]rdinarily, a party

4

has no standing to seek to quash a subpoena issued to someone who is not a party to the action unless the party claims some personal right or privilege with regard to the documents sought." *Mann v. University of Cincinnati*, 114 F.3d 1188 (Table), 1997 WL 280188, at *4* (6th Cir. May 27, 1997) (citation omitted). CoreCivic cites to *Elvis Presley Ents., Inc. v. Memphis* to support the assertion that a party has standing to quash a non-party subpoena if the documents requested originally belong to the party. No. 2:18-cv-02718-SHM-dkv, 2020 WL 4283279, at *4 (W.D. Tenn. Apr. 6, 2020) (holding that the city of Memphis had standing to challenge a non-party subpoena to a city employee for documents which the employee only had access to by virtue of his employment). The documents requested by the subpoena to Ms. Herzfeld "only are in the possession of Ms. Herzfeld because they were produced in the Pleasant-Bey case; Ms. Herzfeld and the TDOC otherwise would not have access to those documents." Docket No. 43, p. 8. Because the subpoena requests documents produced by CoreCivic in the Pleasant-Bey case, which originally belong to CoreCivic, the Court granted CoreCivic permission to file a motion challenging the non-party subpoena.

### B. Quashing of Subpoena

A subpoena *duces tecum* must be reasonable and specific, and the requested documents must be relevant. *See United States v. Justice*, 14 F. App'x 426, 433 (6th Cir. 2001) (citations omitted). "[T]he party which seeks to quash the subpoena bears a heavy burden of proof." *Sandlin v. Citibank*, No. 15-2768-JTF-dkv, 2017 WL 9538516, at *2 (W.D. Tenn. Oct. 31, 2017) (holding that objections based on relevancy were not sufficient to quash a subpoena to a non-party when the party made no showing of proprietary information or personal right). If a motion to quash has been made, the decision is left to the district court's discretion. *See United States v. Hughes,* 895 F.2d 1135, 1145 (6th Cir. 1990).

5

CoreCivic's primary arguments against the subpoena are that the Court should require that party discovery proceed only under Rule 34, and that the documents sought by Ms. Newby's subpoena are irrelevant to the issues in the present case. Docket No. 43, p. 12-13. CoreCivic asserts that Ms. Newby has misused the provisions of Fed. R. Civ. P. 45 to "request discovery from a nonparty that (1) can be obtained from the party itself (if appropriate), (2) bears no relevance to the issues in this case, and (3) is calculated to harass CoreCivic by seeking their confidential documents from different sources." *Id.* at 13.

The Court strongly encourages the parties to rely first on Rule 34 moving forward when seeking documents which belong to a party. However, in this instance, it appears from CoreCivic's assertions about the irrelevance of documents from the Pleasant-Bey case that CoreCivic likely would not have produced these documents itself in discovery under Rule 34. Rule 45 does not forbid a party from requesting documents from a non-party that could have been requested from a party under Rule 34. The Court agrees that because many of the subpoenaed documents originally belong to CoreCivic, CoreCivic has standing to challenge the subpoena. However, the fact that Ms. Newby could have requested the documents from CoreCivic instead does not, on its own, persuade the Court to quash the subpoena to Ms. Herzfeld.

The Court is also not persuaded to quash the subpoena to Ms. Herzfeld based on CoreCivic's argument that the requested documents are not relevant to the case at bar. CoreCivic argues that "[d]ocuments related to, among other things, religious and dietary issues at Trousdale have no bearing on Newby's claims that CoreCivic is deliberately indifferent to inmate violence and understaffing." Docket No. 43, p. 14. But, Ms. Newby has demonstrated that some of the documents Ms. Herzfeld already produced in response to the subpoena are indeed relevant, as they
6

CoreCivic's primary arguments against the subpoena are that the Court should require that party discovery proceed only under Rule 34, and that the documents sought by Ms. Newby's subpoena are irrelevant to the issues in the present case. Docket No. 43, p. 12-13. CoreCivic asserts that Ms. Newby has misused the provisions of Fed. R. Civ. P. 45 to "request discovery from a nonparty that (1) can be obtained from the party itself (if appropriate), (2) bears no relevance to the issues in this case, and (3) is calculated to harass CoreCivic by seeking their confidential documents from different sources." *Id.* at 13.

The Court strongly encourages the parties to rely first on Rule 34 moving forward when seeking documents which belong to a party. However, in this instance, it appears from CoreCivic's assertions about the irrelevance of documents from the Pleasant-Bey case that CoreCivic likely would not have produced these documents itself in discovery under Rule 34. Rule 45 does not forbid a party from requesting documents from a non-party that could have been requested from a party under Rule 34. The Court agrees that because many of the subpoenaed documents originally belong to CoreCivic, CoreCivic has standing to challenge the subpoena. However, the fact that Ms. Newby could have requested the documents from CoreCivic instead does not, on its own, persuade the Court to quash the subpoena to Ms. Herzfeld.

The Court is also not persuaded to quash the subpoena to Ms. Herzfeld based on CoreCivic's argument that the requested documents are not relevant to the case at bar. CoreCivic argues that "[d]ocuments related to, among other things, religious and dietary issues at Trousdale have no bearing on Newby's claims that CoreCivic is deliberately indifferent to inmate violence and understaffing." Docket No. 43, p. 14. But, Ms. Newby has demonstrated that some of the documents Ms. Herzfeld already produced in response to the subpoena are indeed relevant, as they

mention Mr. Childress by name or pertain to Ms. Newby's allegations about staffing issues at the Trousdale Turner facility. Docket No. 47, pp. 4, 11.

Ms. Newby also highlights that the allegations in the Complaint include broader issues than the immediate facts of Mr. Childress's death, such as violations of "Tenn. Const. art. I, § 32, which provides: 'That the erection of safe prisons, the inspection of prisons, and the humane treatment of prisoners, shall be provided for.'" Docket No. 47, p. 12; Docket No. 1, p. 26. The Court finds that Ms. Newby has successfully demonstrated the relevance of documents pertaining to the management of the Trousdale Turner facility to the case at bar. CoreCivic's assertion that "the two lawsuits involve different claims and different issues" and that "documents related to inmates' ability to purchase the Qur'an" are among the requested documents does not persuade the Court that the subpoena must be quashed for lack of relevance. Docket No. 50, p. 2, n. 1.

Finally, CoreCivic has not presented the Court with any clear personal right or proprietary interest which prohibits the documents from being discoverable in the present case. CoreCivic claims Ms. Newby seeks "confidential documents" but makes no argument as to the kind of confidential information contained in the requested documents or why they should not be discoverable in this case. Docket No. 43, p. 13. The Court thus finds that CoreCivic has not met the heavy burden of proof required for parties seeking to quash a non-party subpoena and must deny CoreCivic's requested relief.

### C. Protective Order

Ms. Herzfeld, the producing non-party, has not objected to the subpoena, and in fact has substantially complied with it. CoreCivic can point to no burden on it associated with the subpoena except regarding the production of information it previously designated as confidential.

7

To the extent that any documents that Ms. Herzfeld has produced or will produce were originally subject to a protective order in the Pleasant-Bey case, these documents will be subject to the same restrictions in this case. *See* Civil Case No. 3:19-cv-00486, Docket No. 82.

Ms. Newby contends that many of the documents previously marked confidential were marked erroneously. For example, Ms. Newby cites deposition testimony indicating that a publicly-available Tennessee Comptroller report, a "facility notification of noncompliance" by the Tennessee Department of Correction, and "a collection of news articles" are among the documents marked confidential in the Pleasant-Bey case. Docket No. 47, p. 5-6. If Ms. Newby wishes to challenge the confidentiality designation of discovered materials that are relevant to the case at bar, she may do so pursuant to the provision in the agreed protective order. *See* Civil Case No. 3:19-cv-00486, Docket No. 82, p. 5.

## CONCLUSION

For the foregoing reasons, CoreCivic's Motion to Quash Subpoenas Duces Tecum (Docket No. 42) is **DENIED**. To the extent that any documents produced by Ms. Herzfeld or the TDOC were subject to a confidentiality agreement in the Pleasant-Bey case, they will be subjected to the same terms in this case and any party with access to them must handle them accordingly.

**IT IS SO ORDERED.**

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**