UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| G. MARIE NEWBY, Individually, and As Administratrix of THE ESTATE OF TERRY CHILDRESS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action Number 3:22-CV-93 Chief Judge Waverly D. Crenshaw, Jr. |
| CORECIVIC OF TENNESSEE, LLC, as owner and operator of TROUSDALE TURNER CORRECTIONAL CENTER, DAMON HININGER, STEVE CONRY, RAYMOND BYRD, and SHAWNA CURTIS, | ) ) ) ) ) ) ) ) | Magistrate Judge Jeffery S. Frensley Jury Demand |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO DANIEL A. HORWITZ'S MOTION TO: (1) STAY ENFORCEMENT OF THE MAGISTRATE'S JULY 15, 2022, ORDER; (2) ADJUDICATE THE PENDING OBJECTIONS TO IT; OR, ALTERNATIVELY, (3) REVERSE AND VACATE THE ORDER AS UNREVIEWABLE PURSUANT TO *UNITED STATES V. MUNSINGWEAR***

In its July 15, 2022, Order, the Court correctly found that Daniel A. Horwitz, as counsel for Plaintiffs G. Marie Newby, Individually and as Administratrix of the Estate of Terry Childress ("Plaintiffs"), violated Local Rule 83.04 and ordered his compliance with the same. (Docket Entry 53). Local Rule 83.04's limitations on extrajudicial statements by counsel are long-standing and clear. Such limitations unquestionably are constitutional as established by the United States Supreme Court. Mr. Horwitz chose to ignore Local Rule 83.04 and suffered the consequences -- that is, a legally-appropriate and straightforward directive from the Court that he comply. Having settled his clients' claims and dismissed this matter with prejudice, Mr. Horwitz cannot now continue to litigate prior orders in this case with which he personally disagrees, including the Order

that upheld the validity of Local Rule 83.04, found that he violated the Rule, and required his compliance. This case is over -- it is done, and the matter is closed. For the following reasons, Mr. Horwitz's Motion should be denied.

### A. **<u>Plaintiffs Voluntarily Dismissed this Case with Prejudice</u>.**

Mr. Horwitz's Motion should be denied because this case was voluntarily dismissed with prejudice, which ended this case and all pending motions. On August 17, 2022, the Parties filed a Joint Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A), providing that the Parties "jointly stipulate and agree that Plaintiffs dismiss, with prejudice, Plaintiffs' claims asserted against Defendants and said parties shall bear their own costs and attorneys' fees." (Docket Entry 70). This filing -- **which Mr. Horwitz personally signed and agreed to on behalf of his clients** -- dismissed the entire case with prejudice. *See* FED. R. CIV. P. 41(a)(1)(A). As a result, all previously-pending motions are now moot.[1] *Hearne v. Hearne*, 925 F.2d 1463 (6th Cir. 1991) (internal citation omitted) ("We hereby affirm the order of the court dismissing the complaint. Plaintiff's pending motions are hereby rendered moot."); *Whitmore v. Green Tree Servicing, LLC*, 658 F. App'x 793, 799 (6th Cir. 2016) (holding that the dismissal of the underlying action rendered the previously-filed, pending motion moot); *Knapp v. Metro. Gov't of Nashville & Davidson Cnty.*, 2021 WL 63002, at *6 (M.D. Tenn. Jan. 7, 2021) ("As a result of the dismissal with prejudice, the other pending motions in this case will be denied as moot . . . . The Court will

---

[1] This includes Christopher Adams' Motion to Intervene filed on August 8, 2022. (Docket Entries 64-65). *S.B. by & through M.B. v. Lee*, 2022 WL 2232193, at *4 (E.D. Tenn. June 21, 2022) ("[A] non-conditional order of dismissal, when arising from a stipulation of dismissal, moots a motion to intervene."); *Salem Pointe Capital, LLC v. BEP Rarity Bay, LLC*, 854 F. App'x 688, 704, 706 (6th Cir. 2021) ("[T]he Rule 41(a)(1)(ii) stipulation of dismissal divested the district court of jurisdiction to consider [the] second motion to intervene . . . . The district court thus appropriately found the motion to intervene to be moot by virtue of that stipulation."); 35A C.J.S. Federal Civil Procedure § 163 ("[I]ntervention in the federal courts cannot continue if the original action ceases to exist.").

not rule on the pending Report and Recommendation regarding the preliminary injunction, as it is also now moot.").

This case is closed. And, Mr. Horwitz facilitated its closure. Mr. Horwitz cannot now reopen certain, select portions of the case that he still wants to litigate based on "arguments which [he] could, and should, have [] made before judgment issued."[2] *See Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)). If Mr. Horwitz wanted to continue to litigate this case, he (and his clients) should not have agreed to resolve and dismiss it. His decision otherwise bars him from the relief requested in his Motion. *See U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994) ("Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice."); *Alvarez v. Smith*, 558 U.S. 87, 87 (2009) ("The reference to "happenstance" in [*United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)] must be understood as an allusion to this equitable tradition of vacatur . . . . Where mootness is the result of settlement rather than happenstance, however, the losing party forfeits the equitable remedy of vacatur."); *Sanders v. United States*, 373 U.S. 1, 17 (1963) ("[A] suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks.").

---

[2] The "capable of repetition yet evading review" rule cited by Mr. Horwitz applies only in exceptional circumstances. *L.D. v. Sumner Cnty. Sch.*, 299 F. Supp. 3d 901, 907 (M.D. Tenn. 2018) ("The rule that a claim does not become moot where it is capable of repetition, yet evades review, . . . applies only in exceptional situations, and generally only where **the named plaintiff** can make a reasonable showing that he will again be subjected to the alleged illegality.") (emphasis added). A non-party's personal disagreement with a court order hardly meets that requirement. It is not an exceptional circumstance. Similarly, a court order that requires counsel to comply with the Local Rules is not an exceptional circumstance.

In effect, Mr. Horwitz at this point seeks an advisory opinion from the Court as there no longer exists a case or controversy between the parties. *See Int'l Union, United Auto., Aerospace, Agr. & Implement Workers of Am. v. Dana Corp.*, 697 F.2d 718, 719 (6th Cir. 1983) ("We now discover that the parties have signed a Settlement Agreement resolving all the issues in the case. Consequently, we are compelled to dismiss the litigation as moot for lack of a justifiable case or controversy."). Advisory opinions are not permitted. *United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) ("The federal courts have no license to issue advisory opinions."). And, the Court lacks jurisdiction over them. *See Hinsdale v. Farmers Nat. Bank & Tr. Co.*, 823 F.2d 993, 995-96 (6th Cir. 1987) (citation omitted) ("This [Rule 41(a)(1)(ii)] dismissal with prejudice terminated the district court's 'jurisdiction except for the limited purpose of reopening and setting aside the judgment of dismissal within the scope allowed by Rule 60(b)' of the Federal Rules of Civil Procedure."): *Salem Pointe Cap., LLC v. BEP Rarity Bay, LLC*, 2020 WL 4604454, at *7 (E.D. Tenn. Aug. 11, 2020), *aff'd*, 854 F. App'x 688 (6th Cir. 2021) (same).

### B. Mr. Horwitz Lacks Standing to Request the Adjudication of *Plaintiffs'* Motion for Review of Nondispositive Order of Magistrate Judge.

Mr. Horwitz's Motion also should be denied because he did not, in his individual capacity, assert the objections that he now asks the Court to adjudicate -- *i.e.*, those contained in **Plaintiffs'** Motion for Review of Nondispositive Order of Magistrate Judge. (Docket Entries 59-60). The objections contained in that Motion were asserted **by Plaintiffs**, **not Mr. Horwitz**. (*Id.*). Thus, unlike Plaintiffs (at least pre-dismissal), Mr. Horwitz lacks standing to seek the adjudication of those objections. *See Warth v. Seldin*, 422 U.S. 490, 509 (1975) ("[T]he prudential standing rule . . . bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.").

Mr. Horwitz cannot "ride piggyback" on objections that he did not personally assert. *See Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010) (indicating that a party cannot "ride piggyback on the claims" of another party); *see also Mayo v. Shine*, 392 S.W.3d 61, 70, n. 3 (Tenn. Ct. App. 2012) ("We note, however, that [Defendant] filed that motion in limine, not Plaintiff. Plaintiff may not rely upon another party's objection or motion in limine to preserve error without expressly joining in the objection or motion on the record."); *Hull v. Agustin*, 918 P.2d 651, 652 (Kan. Ct. App. 1996) ("[P]laintiffs may not fail to respond to this motion and then avoid summary judgment by relying on the response of another party."); *Damron v. C. R. Anthony Co.*, 586 S.W.2d 907, 911 (Tex. Civ. App. 1979) ("[O]ne party cannot rely on a motion for new trial filed by another party."); *In re Parker*, 186 B.R. 208, 210 (Bankr. E.D. Va. 1995) ("[A] party who fails to timely file an application for extension of time to file a complaint objecting to discharge cannot 'piggyback' on a timely motion for an extension filed by another party."). Again, if Mr. Horwitz wanted to object to the Magistrate Judge's July 15, 2022, Order (Docket Entry 53), he timely should have asserted such objections -- just like Plaintiffs did. Mr. Horwitz's failure to do so bars him from the relief requested in his Motion.

C. **Mr. Horwitz Waived His Right (if any) to Object to the Magistrate's Order by Failing to Comply with the Procedural Requirements Under Federal Rule of Civil Procedure 72 and Local Rule 72.01.**

Mr. Horwitz's Motion further should be denied because he failed to properly object to the Magistrate Judge's July 15, 2022, Order. (Docket Entry 53). Mr. Horwitz's Motion is brought pursuant to Local Rule 72.01. (*See* Docket Entries 71-72). Under this Rule, [o]bjections to decisions of Magistrate Judges on nondispositive matters in civil cases under Fed. R. Civ. P. 72(a) must be formatted and styled as a "Motion for Review of Nondispositive Order of Magistrate Judge." Local Rule 72.01(a). Along with this, any such objections must be filed "within 14 days

after being served with a copy" of the order. FED. R. CIV. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.*; *see* Local Rule 72.03 ("Failure of a party to file a timely motion for review of non-dispositive matters . . . may constitute a waiver of any right to raise the matter in further proceedings.").

While ***Plaintiffs*** asserted their objections in a timely and procedurally proper manner, ***Mr. Horwitz*** did ***not***. Mr. Horwitz did not file his Motion until over one month after entry of the Magistrate Judge's July 15, 2022, Order. (Docket Entries 53, 71-72). In fact, he has yet to even file a document formatted and styled as a "Motion for Review of Nondispositive Order of Magistrate Judge" in his individual capacity as required by Local Rule 72.01(a). Mr. Horwitz's Motion merely seeks to "ride piggyback" on ***Plaintiffs'*** Motion for Review of Nondispositive Order of Magistrate Judge. (Docket Entries 59-60). However, for the reasons stated above he cannot do so. *See Asher*, 596 F.3d at 318. Mr. Horwitz consequently has waived any objection rights he might have had under Federal Rule of Civil Procedure 72 and Local Rule 72.01. FED. R. CIV. P. 72(a); Local Rule 72.03; *see generally Se. Pipetrades Health & Welfare Fund v. Friedman, Rodman & Frank, P.A.*, 2015 WL 3544973, at *1 (M.D. Tenn. June 4, 2015) ("As noted, neither the Administrator nor the Third-Party Defendants have objected to the Magistrate's Report and Recommendation. The Report and Recommendation as to them is adopted and approved."). For this reason, the Court should deny his Motion.

D. **The Magistrate Judge's Order Is Constitutional and Should Not Be Disturbed**.

The Magistrate Judge's July 15, 2022, Order simply directed Mr. Horwitz's compliance with Local Rule 83.04. (Docket Entry 53). This Order is constitutional, per the Supreme Court's holding in *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991). "[L]awyers in pending cases [are] subject to ethical restrictions on speech to which an ordinary citizen would not be." *Id.* at

1071. Indeed, lawyers "may not, by speech or other conduct, resist a ruling of the [Court] beyond the point necessary to preserve a claim for appeal." *Id*. The Magistrate Judge got it right here. Mr. Horwitz "[could not] continue litigat[ing] this case but simultaneously . . . not obey orders of this Court." *See Knapp v. Metro. Gov't of Nashville & Davidson Cnty.*, 2021 WL 63002, at *5 (M.D. Tenn. Jan. 7, 2021). As such, there is no justifiable reason for the Court to disturb the Magistrate Judge's Order after Plaintiffs voluntarily dismissed this case with prejudice.

For these reasons, Defendants respectfully submit that Mr. Horwitz's Motion should be denied and that the underlying action should remain as-is: closed as "dismissed with prejudice."

Respectfully submitted,

/s/ Joseph F. Welborn, III
Joseph F. Welborn, III (#15076)
joe.welborn@klgates.com
Erin Palmer Polly (#22221)
erin.polly@klgates.com
Terrence M. McKelvey (#36531)
terrence.mckelvey@klgates.com
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
(615) 780-6700

*Counsel for Defendants CoreCivic of Tennessee, LLC, Damon Hininger, Steven Conry, Raymond Byrd, and Shawna Curtis*

# CERTIFICATE OF SERVICE

      I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this August 30, 2022, on the following:

| | |
|---|---|
| Daniel A. Horwitz | Brice M. Timmons |
| Lindsay E. Smith | Craig A. Edgington |
| Horwitz Law, PLLC | Donati Law, PLLC |
| 4016 Westlawn Drive | 1545 Union Avenue |
| Nashville, Tennessee 37209 | Memphis, Tennessee 38104 |

                                              /s/ Joseph F. Welborn, III

8
313299310.2
Case 3:22-cv-00093  Document 76  Filed 08/30/22  Page 8 of 8 PageID #: 4527